### SUPREME COURT,

ELIZA RAUH agt. THE BOARD OF COMMISSIONERS OF THE DEPARTMENT OF PUBLIC PARKS.

*New York (city of) Department of Parks — Is a subdivision of the city government — Not liable to be sued as a corporate entity — Complaint — Demurrer — When well taken.*

The board of commissioners of the department of public parks, being only a subordinate division of the city government, are not liable to be sued as a corporate entity.

In an action against such commissioners a demurrer to the complaint should be sustained, notwithstanding an allegation that they are a domestic corporation.

Such allegation not being of a matter of fact, but a conclusion of law, the court will judicially take notice of the fact that the defendants constitute a part of the municipal government of this city and that their powers are defined and limited by the charter of the city and other public statutes in relation to that subject.

*Special Term, February,* 1884.

*George P. Andrews* and *E. H. Lacombe,* for defendants in support of the demurrer.

*A. J. Rogers,* for the plaintiff.

LAWRENCE, *J.*— The plaintiff alleges that the defendants are now and were at the time named in the complaint a domestic corporation; that she now is and has been since the 12th of February, 1876, the owner and possessor in fee of certain lands and premises in the complaint particularly described; that by an act of the legislature, passed in 1873, and amended in 1874, the defendants, by the name and

description of the commissioners of the department of public parks of the city of New York, were given power and control exclusively over all the streets, roads and avenues in the twenty-third and twenty-fourth wards of the said city, to establish the width and grades of all such streets, roads and avenues, and for other purposes particularly described in said act; that the defendants claim that the house erected on the plaintiff's premises, is about two feet over the line of the North Third avenue, and that therefore the defendants threaten to pull the said house down and otherwise injure and demolish the same, and have begun to pull down, injure and demolish the same, and will tear down, injure and demolish the same, unless enjoined from so doing by the court, and thus cause the plaintiff to suffer great damage, loss and irreparable injury; that no proceedings have ever been taken by the defendants, of any kind or character, to appropriate to the city of New York on North Third avenue the said two feet of land or any part thereof, and that they have made no compensation to the plaintiff for taking the same, but threaten to pull down and demolish the said house solely and alone upon the ground that it extends about two feet into said street known as North Third avenue, as widened, without any proceeding or authority of law whatever.

To the complaint the defendants demur, on the ground that it does not state facts sufficient to constitute a cause of action. If the allegation in the complaint that the defendants are now, and were at the times in the complaint named, a domestic corporation, is an allegation of a matter of fact, it is clear that the demurrer cannot be sustained upon the ground principally argued by the defendants' counsel, to wit, that the defendants are not a corporation and that actions cannot be maintained against them, for the reason that the demurrer, according to old established principles, admits such facts as are properly pleaded. (*See United States* agt. *Ames*, 99 *U. S.*, 45, *and cases cited.*)

It is equally well settled, however, that the demurrer only

admits the facts that are relevant and well pleaded, but not conclusions of law (*See Kinnier* agt. *Kinnier*, 45 *N. Y.*, 539; *Dillon* agt. *Barnard*, 21 *Wall.*, 430). So, too, averments in a complaint as to the meaning or contents of a paper set forth therein, or annexed to and made part thereof, are not admitted by a demurrer (*Bonnell* agt. *Griswold*, 68 *N. Y.*, 294; *Buffalo Catholic Institute* agt. *Bitter*, 87 *N. Y.*, 250).

Now in this case, independently of the reference to the statute referred to in the complaint, which prescribes a portion of the duties of the defendants, this court must, I think judicially take notice of the fact that the defendants constitute a part of the municipal government of this city, and that their powers are defined and limited by the charter of the city and other public statutes in relation to that subject (*See Swinnerton* agt. *Columbian Ins. Co.*, 37 *N. Y.*, 174–189).

If I am right in this assumption then it follows that the demurrer is well taken, for the reason that the admission of the allegation that the defendants are a domestic corporation is an admission only of the legal conclusion which the pleader who framed the complaint drew from the various statutes under which the defendants have their existence. In other words, I am of the opinion that as the defendants derived their powers from public statutes, of which the court can take judicial cognizance, the complaint is to be read in construing the allegation that the defendants are a domestic corporation in the same manner as if those statutes had been annexed thereto. If such statutes had been annexed the conclusion of the pleader as to their force and effect could have no greater efficacy than would an averment in the complaint as to the meaning or contents of a paper set forth therein, or annexed to or made a part thereof; and in such cases, as has already been seen, the courts have uniformly held that such averments are not admitted by a demurrer. Under the charter the park department is a mere subdivision of the city government and is not itself a body corporate (*See Swift* agt. *The Mayor of New York*, 83 *N. Y.*, 533).

It is true that that case related to the police department, but the reasoning by which the result there attained was reached applies equally to all the other departments created by the charter (*See, also, New York Balance Dock Company agt. The Mayor*, 8 *Hun*, 247). In that case the general term of this department, in speaking of the department of public charities and correction, said: "They constitute only a branch of the city government and part of the municipality appointed by its officers with some independent powers, but in the main subservient to and under the supervision and control of the general government. They have no corporate rights; they can neither sue nor be sued."

No statute has been cited which gives to the board of commissioners of the department of public parks any greater corporate powers than those conferred upon the other departments of the city government. All the departments are but parts of the city corporation, which alone possesses corporate capacity (*See charter, chap.* 335 *of the Laws of* 1873, *and the acts amendatory thereof*). Entertaining these views I am of the opinion that the board of commissioners of the department of public parks are not liable to be sued as a corporate entity, and that therefore it is unnecessary to discuss any of the other questions presented in the case.

The defendants are entitled to judgment upon the demurrer, with costs.