VOORHEES v. COLLINS, Superintendent of Buildings.

(Supreme Court, Appellate Division, Second Department.  March 8, 1912.)

MUNICIPAL CORPORATIONS (§ 747*)—MUNICIPAL DEPARTMENTS AND OFFICERS—
    SUPERINTENDENT OF BUILDINGS—LIABILITY TO THIRD PERSONS.
        The superintendent of buildings of a borough, not required by law to
    have personal knowledge of the condition of buildings owned and occupied
    by third persons, but required by the charter to appoint inspectors of
    buildings from those certified by the civil service commission as compe-
    tent, and who is not shown to have had any reason to believe that such
    inspectors were incompetent, is not liable to the representative of one
    killed by the falling of a floor in a church building.
        [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig.
    §§ 1570–1577; Dec. Dig. § 747.*]

Appeal from Trial Term, Kings County.

Action by Frederick M. Voorhees, as administrator of Frederick M.
Voorhees, Jr., deceased, against Peter J. Collins, as Superintendent of
Buildings of the Borough of Brooklyn. From a judgment dismissing
the complaint, plaintiff appeals.  Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR,
and WOODWARD, JJ.

Alfred C. Cowan, for appellant.

James D. Bell (Patrick E. Callahan, on the brief), for respondent.

WOODWARD, J.  Plaintiff's intestate was killed by the falling of
a floor in the Fleet Street African Methodist Episcopal Zion Church,
in the borough of Brooklyn, on the 27th day of March, 1905.  This
action is brought against Peter J. Collins, superintendent of buildings,
on the theory that the accident was due to the neglect of the said Col-
lins in not seeing that the building was properly inspected prior to
the accident.  The evidence might be sufficient to establish that the
floor fell by reason of the breaking of a supporting girder upon which
the floor beams rested; but it is doubtful if there was sufficient evi-
dence to justify the jury in finding that there was any defect in the
timber at the point where it broke, or that any amount of inspection
would have discovered the weakness.

However this may be, we think it is obvious that the superintendent
of buildings does not assume the liabilities of an insurer of all the
buildings in the borough of Brooklyn on entering the office in that
borough.  No provision of law requires him to have personal knowl-
edge of the condition of buildings owned and occupied by third per-
sons or corporations.  The charter required him to appoint inspectors
of buildings.  He was required to appoint these from among those
whom the Civil Service Commission had certified to be competent and
eligible for that position.  He could not use his unrestricted choice in
making his selection of inspectors.  He was bound to assume that the
men furnished to him by the Civil Service Commission for his selec-
tion were competent, and no facts are proven by which it is made to
appear that they were incompetent, or that the defendant had any rea-
son to believe that they were incompetent.  Under such circumstances

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant is clearly not liable to the plaintiff. McGuinness v. Allison Realty Company, 46 Misc. Rep. 8, 12, 93 N. Y. Supp. 267, and authorities there cited, affirmed 111 App. Div. 926, 97 N. Y. Supp. 1141.

The judgment appealed from should be affirmed, with costs. All concur.