JANE V. WEST, Plaintiff, *v.* THE CITY OF NEW YORK and Another, Defendants.

Supreme Court, New York County, April 6, 1935.

*Frank, Weil & Strouse,* for the plaintiff.

*Paul Windels,* for the defendant The City of New York.

*Pettigrew & Glenney,* for the defendant Starrett Bros., Inc.

McLAUGHLIN, J. This is an action based upon negligent nuisance. The plaintiff was injured by tripping over a wooden sill which rested upon a sidewalk located on Fifth avenue in front of the old Waldorf-Astoria Hotel in that city. The purpose of this sill was to prevent the shifting of a sidewalk shed which was erected upon it for the protection of the traveling public while the old building was being razed and the new Empire State Building erected. The plaintiff has sued both Starrett Bros., Inc., the contractor, and the city of New York.

This case has been before the Court of Appeals and the law of the case is found in the opinion of that court (265 N. Y. 139). A verdict has been rendered in favor of plaintiff. It is not excessive and the evidence to sustain is sufficient under the decision of the Court of Appeals. After the decision in that court, the defendant city of New York amended its answer so as to set up a claim over against the defendant Starrett Bros., Inc., pursuant to the provisions of section 264 of the Civil Practice Act. This claim was litigated on this trial. Decision was reserved on a motion made by the city of New York for a directed verdict upon its cross-complaint against the defendant Starrett Bros., Inc. It was submitted to the jury together with plaintiff's cause of action. The jury on a sealed verdict failed to return a verdict and upon questioning it was disclosed that the members believed they did not have to decide that issue. Both defendants thereafter submitted briefs upon the motion to direct a verdict in favor of the city. Both sides appeared to desire to have the question settled. However, the court would suggest that a written stipulation be filed that any exception taken to this decision be directed to the merits and not to the practice adopted. (*Gilbert* v. *Finch*, 72 App. Div. 38; affd., 173 N. Y. 455.)

The plaintiff having established her case against both defendants, the failure of the jury to render a verdict on the cross-claim of the city of New York should not in any way impair the efficacy of the verdict in her favor. The " controversy between the defendants shall not delay a judgment to which the plaintiff is entitled." (Civ. Prac. Act, § 264.)

There remains the determination of the motion for a direction of a verdict made by the city of New York. It should be observed that the negligence of both these defendants is not the same. The negligence of Starrett Bros., Inc., is active while that of the city of New York is passive. Such a statement is not only borne out by the facts but is clearly set forth in the opinion of the Court of Appeals in this case (at p. 144), " the one who creates the danger may be charged with liability, because the obstruction is then a

nuisance; and the city may be charged with liability for failing to abate it."

The construction of this sidewalk shed was done pursuant to a permit granted by the city to Starrett Bros., Inc. It provided that the shed would be erected in accordance with, and the company would comply with the corporation ordinances and regulations of the city. Chapter 23, article 1, section 4, of the ordinances requires that a person who performs work under permission obtained from any department of the city of New York, " shall be answerable for any damages which may be occasioned to persons, animals or property by reason of carelessness in any manner connected with the work." In the present case the Court of Appeals has stated that the " rules and ordinances of the city dealt not at all with the details of construction, except so far as structural strength and lighting are concerned. There was, therefore, an implied condition that the shed should be so built and its parts so located as to avoid unreasonable and unnecessary danger."

The city provided for the structural strength and lighting in Bulletin No. 8 issued by the Superintendent of Buildings. The compliance with this bulletin by Starrett Bros., Inc., does not relieve it of responsibility to the plaintiff. Nor does the issuance of it make the city in *pari delicto* with Starrett Co., Inc., in not having every detail contained in it " so as to avoid unreasonable and unnecessary danger." Failure to do so is not such contributory negligence as would prevent a recovery by the city against Starrett Bros., Inc., upon its claim over.

It would seem that if the contention of Starrett Bros., Inc., is sound the enactment of chapter 23, article 1, section 4, is a futile thing, because the things it contemplated in protecting the city could be defeated by the mere permission the contractor obtained to do the work. There was no act on the part of any representative of the city which compelled the contractor to omit anything for the protection of pedestrians or to do away with anything that was erected.

It was the act of Starrett Bros., Inc., that caused this accident, and while the city is responsible to the plaintiff it should be indemnified by the defendant whose active negligence caused this accident.

In a recent case in the Appellate Division of this Department the authorities are collated and the opinion indicates clearly that under the facts of this case the city should recover under its cross-complaint (*Birchall* v. *Clemons Realty Co., Inc.*, 241 App. Div. 286).

A similar situation arose in the case of *City of New York* v. *Corn* (133 App. Div. 1). The defendant was negligent in the construction and maintenance of a bridge. A judgment against the city for negligence was held conclusive against Corn whose duty was that of construction and maintenance in that he did not fulfill his duty. He had a permit from the city but this did not relieve him of indemnifying the city.

The case of *Trustees of Geneva* v. *Brush Electric Co.* (50 Hun, 581) is clearly different from the one under discussion. The basis of the decision in that case is the fact that no active act of the defendant caused the accident. The court makes it quite clear that if the affirmative act of the defendant had created the obstruction, it would be compelled to indemnify the plaintiff. At page 583: " If the maintenance of the pole had involved any affirmative action on the part of the defendant, it might have been said that such action was without the participation or cooperation of the plaintiffs, but, as we have seen, no such action was involved. The defendant had neither set nor reset nor repaired the pole." It is evident that had the defendant in that case committed an affirmative act of negligence, the decision would have been that the plaintiff would be entitled to be indemnified.

Nor may the city be held to have contributed to the accident by reason of its failure to pass additional ordinances or to require more details regarding the mode of construction. It is a sufficient answer to this contention to say that no responsibility rests with the city for any such neglect either of commission or omission on the part of the building department. It is not an administrative department. (*Stubley* v. *Allison Realty Co.*, 124 App. Div. 162.)

It appears that the defendant Starrett Bros., Inc., is primarily responsible for this accident by reason of its active negligence. The jury has found both defendants liable to the plaintiff. The city should be indemnified by Starrett Bros., Inc., to the extent of its liability to the plaintiff.

Motions to set aside verdict in favor of the plaintiff are denied. Motions to dismiss the complaint and for the direction of a verdict in favor of defendants are denied. Motion to direct a verdict in favor of the defendant city of New York and against the defendant Starrett Bros., Inc., for the amount of the recovery of the plaintiff herein is granted, provided the written stipulation referred to herein is filed, otherwise the motion is denied without prejudice to the defendant city of New York to move for judgment herein or to commence an action for the amount of money it has to pay the plaintiff herein.