MARIE VALENTI and Another, as Administrators, etc., of JOSEPH BALLERINI, Also Known as GIUSEPPI BALLERINI, Deceased, Plaintiffs, *v.* MOSHOLU HOUSING CORPORATION, THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, Special Term, Bronx County, October 22, 1937.

*Postel & Postel* [*Louis E. Schwartz* of counsel], for the plaintiffs.

*Paul Windels, Corporation Counsel* [*Frederick vP. Bryan* and *Alfred T. White* of counsel], for the defendant City of New York.

HAMMER, J. Plaintiffs' intestate was at work in a building which collapsed, causing his death. That building was being constructed as a private enterprise upon private property. The deceased was engaged therein as an employee of one of the contractors. The city, under the circumstances, cannot be held liable under the theory of either negligence or of nuisance. All of the allegations of the complaint, with respect to plans, permits and inspection of construction, do not do more than show that the commissioner of buildings was required under the law to examine and approve the plans and inspect the building, to secure its construction in accordance with law, and that his office or some of his employees thereof had failed in this respect. However, although the commissioner and his office are a part of the government of the city, the city as a corporate entity has no supervision or jurisdiction over the commissioner and the administration of his office. The city did not own or have any control over the building as such. It was a private building under private control. The commissioner is not the agent of the city for which it would be liable under the rule of *respondeat superior.*

It is not alleged, nor could it be claimed from the facts alleged, that the injuries sustained which caused the death of plaintiffs'. intestate occurred by reason of any encroachment upon the public highway or in the construction, maintenance or operation of any building or structure or public work of the city. (Greater New York Charter, § 1620; *Edwards* v. *Law,* 63 App. Div. 451; *Stubley* v. *Allison Realty Co.,* 124 id. 162, 164; *McGuinness* v. *Allison Realty Co.,* 46 Misc. 8; affd., 111 App. Div. 926; *Cain* v. *City of Syracuse,* 95 N. Y. 83; *Oeters* v. *City of New York,* 270 id. 364; *West* v. *City of New York,* 155 Misc. 688.)

The cases relied upon by the plaintiffs have no application.

In that of *Klepper* v. *Seymour House Corp.* (246 N. Y. 85), a mass of snow and ice fell from the cornice of a building which encroached upon a public street. The encroachment had existed about fifty years. Three or four times during the same winter, previous to the acts in question, an accumulation of snow and ice had fallen from the cornice onto the street and had been officially reported, and in prior years there had been similar occurrences.

In that of *Von Lengerke* v. *City of New York* (150 App. Div. 98; affd., 211 N. Y. 557), the permit issued was to excavate a tunnel under the roadbed of Fifth avenue parallel with the curb for the purpose of making a sewer connection for a private building being erected on adjoining property. Damage was caused by a break in the water main from which water flowed into plaintiff's cellar due to the negligence on the part of the excavator. The liability of the city was predicated on the fact that, although the break in the water main was discovered about five o'clock in the afternoon, and the city, through its department of water supply, notified, the flow of water was not stopped until one-thirty the next morning. This is not a case where a permit was issued for a nuisance or for the doing of a thing eminently dangerous in itself.

The erection of a building in accordance with law is an act entirely proper and safe from which no injury could result except from the negligence of persons erecting the building.

The approval of plans and the inspection of construction by the office of the commissioner of buildings is a governmental function required to be exercised by law and for his acts or failure to act the city cannot be held responsible.

Motion granted.   Complaint dismissed.   Settle order.