EVERETT F. MEADOWS, Plaintiff, *v.* VILLAGE OF MINEOLA, Defendant.

JAMES P. JONES, Plaintiff, *v.* VILLAGE OF MINEOLA, Defendant.

MAURICE B. KUTNER, Plaintiff, *v.* VILLAGE OF MINEOLA, Defendant.

JOHN R. WALL, Plaintiff, *v.* VILLAGE OF MINEOLA, Defendant.

DONALD W. DE HAVEN, Plaintiff, *v.* VILLAGE OF MINEOLA, Defendant.

Supreme Court, Special Term, Nassau County, April 28, 1947.

*Harold Stubenhaus* for plaintiffs.

*George Morton Levy* for defendants.

C. A. JOHNSON, J.   The defendant, Village of Mineola, moves to dismiss for insufficiency complaints in five actions brought against it.

Each complaint alleges that the plaintiff owns premises in the village; that the village is a municipal corporation; that the village had the duty under its planning and zoning ordinance and building code of inspecting newly constructed dwellings before issuing certificates of occupancy therefor; that the village authorities, in disregard of their duty, " negligently and carelessly " issued certificates of occupancy certifying that plaintiffs' premises conform substantially to the provisions of the aforesaid ordinances when actually they suffer from certain violations, as the village authorities might have found by reasonable inspection; that plaintiffs have been damaged " by discovering that the premises were not safe for occupancy as defendant's certificate of occupancy indicated and that the premises do not conform substantially to the said ordinance or building code "; that upon such discovery, a notice of claim was presented to the village which has not been paid; all to the plaintiffs' damage.

The certificate of occupancy was, in each case, issued much more than sixty days before the filing of the claim.

Three grounds are asserted for the dismissal of the complaint. First, that the plaintiff failed to file notice of claim within sixty days after the claim arose, as required by subdivision 1 of section 50-e of the General Municipal Law. Second, that the enforcement of a building code is a governmental function for negligence in performance of which there is no liability to an individual except as imposed by statute. Third, that no actionable damage had been suffered by the plaintiff as the result of any omission on the part of the village, its officers or employees.

Concededly, the notices of claim were not filed within sixty days of the issuance of the certificates of occupancy; and it is from that act that the plaintiffs' cause of action, if any, arises. The omission is sought to be excused by the plaintiffs upon the theory that the defects were not discovered by them until some months later. The question whether an extension of the time for the filing of notice of claim against a municipal corporation is to be implied where the wrong, though it has been done, or the damage, though it has been suffered, is unknown to the claimant, was specifically left open by the Court of Appeals in *Thomann* v. *City of Rochester* (256 N. Y. 165, 170). However, in the face of the present vast extension of municipal liability for negligence of its officers and employees, the statutory provisions for presenting of notices of claim must be strictly construed and a failure to comply with the statute should bar recovery. As was said by the Court of Appeals in the case just mentioned:

" A judgment against a municipal corporation must be paid out of the public purse. Raids by the unscrupulous will multiply apace if claims may be postponed till the injury is stale." (*Thomann* v. *City of Rochester, supra.*)

There is a more fundamental reason, however, why the motion to dismiss must be granted. The enactment and enforcement of a building code is a governmental function (*Stubley* v. *Allison Realty Co.,* 124 App. Div. 162; *Valenti* v. *Mosholu Housing Corporation,* 164 Misc. 788). Section 90-a of the Village Law, pursuant to which the local ordinance was enacted, contains no indication that the purpose of a building code is to protect the personal or property interest of any individual; on the contrary, such codes are designed to secure to the municipality as a whole the benefits of a well-ordered municipal government. Neglect by the village, its officers or employees in enforcing the detailed provisions of such statutes creates no civil liability to individuals (*Steitz* v. *City of Beacon,* 295 N. Y. 51; *Murrain* v. *Wilson Line, Inc.,* 270 App. Div. 372).

I can find no support in any decided case for the proposition that the village, upon receipt of the modest fee accompanying an application for a building permit and the issuance of a certificate of occupancy, became liable forever afterward for each item of defective construction in the premises.

The complaints will accordingly be dismissed and without leave to plead over. Submit orders.