**L. B. WALKER, Appellant,**

v.

**CITY OF DALLAS, Appellee.**

No. 6349.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 23, 1953.

Herbert Marshall, Dallas, for appellant.

H. P. Kucera, City Atty., Ted P. Mac-Masters and W. M. Parks, Asst. City Attys., Dallas, for appellee.

## NORTHCUTT, Justice.

L. B. Walker brought this action against the City of Dallas for damages done to Walker's automobile. The parties will be referred to herein as they were designated in the trial court. Plaintiff alleged he was the owner of a 1947 Ford automobile and that on or about June 21, 1952, it was parked in the 3200 block of South Lamar Street in the City of Dallas, Texas; that while said automobile was so parked it was run into and against by a car owned by the City of Dallas and being driven by one Eugene F. Douglas, employee of defendant, City of Dallas. Plaintiff alleged Douglas was negligent and such negligence was the direct and proximate cause of the collision in question. Plaintiff alleged Douglas was negligent in that he failed to maintain proper control of the car he was driving, in that he failed to apply his brakes in time to avoid the collision, in that he failed to keep a proper lookout for plaintiff's automobile, and in that he drove the car knowing he had rendered himself incompetent to operate a vehicle in becoming intoxicated in violation of the laws of the state of Texas and/or the ordinances of the City of Dallas. Plaintiff alleged Douglas was an employee of the City of Dallas in the capacity of a plumber and at the time of the collision was in the scope of such employment and within the corporate powers of the City of Dallas. By Paragraph VI of his petition, plaintiff seeks to plead such negligence to be a nuisance, said Paragraph VI reading as follows:

"That the operation of the car owned by the Defendant City of Dallas by Defendant Eugene F. Douglas as alleged in Paragraph III hereto was an unauthorized and unreasonable obstruction and encroachment in and on the public streets which impeded the use thereof and rendered it more difficult and increased the danger of injuries to persons and property and generally interfered with public rights, and in particular violated, injured and damaged the property of the Plaintiff, and therefore constituted a public or private nuisance."

Defendant answered and also filed its motion for summary judgment asking that the action be dismissed on the ground that there was no genuine issue as to any material fact and that the plaintiff's petition was insufficient in law and failed to state a cause of action in that said petition showed on its face that said cause of action grew out of alleged negligence of the Building Inspector Department of the City of Dallas and at the time of the alleged collision the defendant was engaged in the performance of a governmental function.

From the pleadings the trial court concluded that the injury complained of by the plaintiff was received at the hand of an agent of defendant while in the performance of a governmental function and for that reason there was no liability on the defend-

ant and granted defendant's motion for summary judgment and ordered that the plaintiff take nothing and that defendant recover its costs. From that judgment the appellant has perfected this appeal.

The appellant perfected his appeal upon seven points of error, but in reality there are only two points presented. The first question is as to whether the appellant's injury was the result of an action of Eugene F. Douglas done in the performance of a governmental function. The second point is as to whether there is a jury question based upon appellant's contention as to nuisance.

■ . In a general sense, the functions of a municipal corporation are all of a public nature. It, nevertheless, acts in a dual capacity, the one governmental and the other proprietary. In its governmental capacity a municipality acts mainly as an arm of the state for the convenient administration of the government in the incorporated territory for the public good on behalf of the state rather than for itself. In its proprietary private, or quasi private, capacity a municipality acts mainly for its own end, purposes, and benefits, separately from or in addition to the burdens and benefits imposed or conferred upon it by the state. We are of the opinion that if Douglas was in the scope of his employment at the time of the injury, and appellant's petition alleges he was, that he was performing a governmental function. We are unable to distinquish any difference between a building inspector and a plumbing inspector and the Supreme Court of this state has held that a building inspector in the performance of his duties is engaged in a governmental function. Therefore, if Douglas were performing governmental functions, the City of Dallas would not have been liable for his negligence and there would not be a question of fact to be submitted to a jury and the trial court correctly granted summary judgment for defendant. The Supreme Court in the case of City of Tyler v. Ingram, 139 Tex. 600, 164 S.W.2d 516, 519, stated:

"A municipal corporation is not liable for the negligence of its agents and employees in the performance of purely governmental matters solely for the public benefit. Scroggins v. City of Harlingen, supra [131 Tex. 237, 112 S.W.2d 1035]; City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; Gartman v. City of McAllen, 130 Tex. 237, 107 S.W.2d 879; City of Fort Worth v. Wiggins, Tex.Com.App., 5 S.W.2d 761; City of Amarillo v. Ware, 120 Tex. 456, 40 S.W.2d 57; City of Galveston v. Posnainsky, supra [62 Tex. 118]; City of Trenton v. State of New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937, 29 A.L.R. 1471; 30 Tex.Jur., p. 523, § 289; 6 McQuillin on Municipal Corporations, 2d Ed., pp. 1044 and 1058, §§ 2793 and 2796.

"The testimony shows that the City building inspector viewed the bleachers and made some suggestions with reference to some changes that ought to be made. The City performed no other act in connection with the bleachers. The supervision of the construction, maintenance, and repair of buildings falls within the scope of the police power which is inherent in the State. This power may be delegated by the State to a municipal corporation, and such power when delegated comes within the police power of a city. City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; White v. City of San Antonio, 94 Tex. 313, 60 S.W. 426. The rule is expressed in McQuillin on Municipal Corporations, 2d Ed., Vol. 3, p. 282, § 1016, as follows: 'The supervision of the construction, maintenance, and repair of buildings and like structures fall strictly within the scope of the police power, which, under our system of government and law, is inherent in the state, and the power to enact and enforce all reasonable and necessary regulations appertaining thereto may be vested by the state in whole or in part in the municipal corporation, and may be, and is changed from time to time.'

"A municipality is not liable for the negligence of a building inspector in the performance of his duties; because such duties are governmental functions. McQuillin on Municipal Corporations, Vol. 6, p. 1172, § 2842; Valenti v. Mosholu Housing Corporation, 164 Misc. 788, 299 N.Y.S. 590; Stubley v. Allison Realty Co., 124 App.Div. 162, 108 N.Y.S. 759; Lindemann v. City of Kenosha, 206 Wis. 364, 240 N.W. 373."

We are well aware of the fact that if the City of Dallas in this case maintained a nuisance as contended by the appellant that the summary judgment should not have been granted, but we are unable to see anything in this record properly presenting the question of a nuisance. The plaintiff in his pleading in Paragraph VI above-quoted tries to allege the negligence which he alleged in his Paragraph III constituted a nuisance. The principle of nonliability of a city for the negligent acts of its employees while engaged in a governmental function cannot be eliminated by merely pleading that such negligent acts constituted a nuisance. This, in effect, is the appellant's contention. It is stated in the case of Parson v. Texas City, Tex.Civ.App., 259 S.W. 2d 333 at page 336:

"We believe that the weight of authority in this state and other jurisdictions is to the effect that to constitute a nuisance the danger must be inherent in the thing itself, beyond that arising from negligence in its use, and are constrained to hold that the maintenance of the signal light in the condition described in appellants' pleadings did not constitute a nuisance making the City liable, and that the court did not err in sustaining appellee's motion for summary judgment."

We have considered the record in this case and are of the opinion that no material issue of fact was presented and that the case presents only a question of law. We overrule each and all of the points of error presented by appellant and affirm the judgment of the trial court.