Maurice Wahl, J.
At the end of the entire case, the defendant moved to dismiss the complaint.
This action for damages was brought by a great number of owners of private dwellings located on both sides of 213th Street, between 47th and 48th Avenues, Queens, against the *875 defendant, a construction inspector employed by the Department of Buildings of the City of New York.
It appears that in the years 1958 and 1959 the plaintiffs or, in some eases their assignors, purchased the afore-mentioned dwellings from the builders. The plaintiffs allege that the dwellings were purchased under contracts which provided that construction be in accordance with the plans on file with the Department of Buildings and/or that the dwellings be covered by valid certificates of occupancy. It is claimed and was established that the filed plans for these dwellings called for the installation by the builders of dry wells on each of the premises. The purpose of such dry wells was to provide drainage for storm water.
The plaintiffs claim that sometime after the purchase of these dwellings, and following alleged flooding of some of the premises, it was discovered that the builders had failed to install dry wells on any of the premises but, instead, had illegally connected the storm-water disposal pipes on each dwelling to the sanitary sewer; further, that the Department of Buildings, notwithstanding that it had issued certificates of occupancy for these dwellings, thereafter commenced proceedings now pending in the Magistrates’ Court against a majority of the plaintiffs to compel the correction of such illegal connections.
Alleging that the two corporate builders of these dwellings were dissolved shortly after completion of the construction, thus allegedly leaving plaintiffs with no practical recourse against the builders, the plaintiffs brought this action against the defendant city employee seeking to recover the costs of dismantling all the illegal connections to the sanitary sewer and installing the dry wells on plaintiffs’ premises.
The plaintiffs contend that the defendant, who was construction inspector of this building project, was negligent in failing to inspect or to properly inspect this construction, in that he failed to discover and/or to report to his employer that the builders had not installed the dry wells as provided for in the filed plans but had instead illegally connected the storm-water disposal pipes to the sanitary sewer. It is further claimed that, but for such alleged negligence of the defendant, the Department of Buildings would not have issued certificates of occupancy for any of these dwellings and would have required the builders to conform the construction to the filed plans.
It is the opinion of this court that the plaintiffs have failed to establish a cause of action against the defendant. Section 642-5.0 of the Administrative Code of the City of New York *876 relating to the Department of Buildings provides as follows: “ 642-5.0 No personal liability. — An officer or employee of the department shall be free from liability for acts done by him, in good faith in the performance of his official duties. Any person whose property has been unjustly or illegally destroyed or injured pursuant to an order, rule or regulation of the department, or its officers or employees, for which no such personal liability exists, may maintain a proper action against the city for the recovery of the proper compensation or damage. Every such suit shall be brought within six months after the cause of action arose, and the recovery shall be limited to the damages suffered.”
Under the foregoing section the defendant is not liable for acts done by him in good faith in the performance of his official duties and there was no evidence adduced on the trial tending to establish any lack of good faith on the part of the defendant in the performance of his official duties as construction inspector of this building project. The testimony of the defendant on his examination before trial, which was received in evidence as part of plaintiffs’ case, indicates that the defendant apparently acted in good faith in discharging his official duties and there was no proof to the contrary.
The court does not agree with the contention of plaintiffs’ counsel that, since section 642-5.0 of the Administrative Code has been set up in the defendant’s answer as an affirmative defense, the defendant has the burden of proof that he acted in good faith. The court is of the opinion that it was unnecessary for the section to be set up as an affirmative defense since the only part thereof which is pertinent in this action against the defendant employee is the first sentence which exonerates officers or employees from liability for acts done by them in good faith in the performance of their official duties. The court holds that such provision of nonliability is not an affirmative defense as contemplated by section 242 of the Civil Practice Act and that the burden of proof on the issue of the good faith of the defendant rested upon the plaintiffs who failed to sustain the same.
There is also a further compelling reason why the complaint herein must be dismissed. It is well established that in maintaining and operating a building department, and in the enactment and enforcement of a building code, a municipality is engaged in the performance of a governmental function and is not liable for any act of omission in connection therewith. A municipality has been held to be not liable for failing to enforce statutes, ordinances, etc., relating to its building code, or for *877 alleged failure to properly inspect premises and the alleged negligent issuance of certificates of occupancy therefor. (Stubley v. Allison Realty Co., 124 App. Div. 162; Rivera v. City of Amsterdam, 5 A D 2d 637; Reid v. City of Niagara Falls, 29 Misc 2d 855; Meadows v. Village of Mineola, 190 Misc. 815; Carroll v. City of New York, 37 Misc 2d 563.)
In the Meadows case (supra) the plaintiff property owners sued the municipality to recover damages based on the defendant’s alleged negligence in issuing certificates of occupancy for their newly constructed dwellings. They claimed that the premises suffered from violations which the defendant might have found by reasonable inspection. In dismissing the complaints, the court noted (p. 817): “ There is a more fundamental reason, however, why the motion to dismiss must be granted. The enactment and enforcement of a building code is a governmental function (Stubley v. Allison Realty Co., 124 App. Div. 162; Valenti v. Mosholu Housing Corporation, 164 Misc. 788). Section 90-a of the Village Law, pursuant to which the local ordinance was enacted, contains no indication that the purpose of a building code is to protect the personal or property interest of any individual; on the contrary, such codes are designed to secure to the municipality as a whole the benefits of a well-ordered municipal government. Neglect by the village, its officers or employees in enforcing the detailed provisions of such statutes creates no civil liability to individuals (Steitz v. City of Beacon, 295 N. Y. 51; Murrain v. Wilson Line, Inc., 270 App. Div. 372).”
It is apparent, therefore, that the rule of nonliability of a municipality for failure to exercise a governmental function, including alleged failure to enforce the provisions of a building code or to make inspections thereunder, is equally applicable to the officers or employees of such municipality and to the defendant in this action. There was no violation by the defendant of any legal duty owed to these individual plaintiffs and he is not liable in damages to them. Laxity is not to be equated with bad faith. Motion granted.