

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 12, 1968

*Lee M-614*

Hon. Charles R. Barden, P.E.
Executive Secretary
Texas Air Control Board
1100 West 49th Street
Austin, Texas 78756

Opinion No. M-257

Re: Effect of the Clean Air Act of Texas, 1967, (Article 4477-5 V.C.S.) on the air pollution control authority of local governments, and related questions.

Dear Mr. Barden:

Your request for an opinion relating to Article 4477-5, Vernon's Civil Statutes, has been received. Your first inquiry asks:

"Is a city empowered to contract with an owner of land located within the city's jurisdiction whereby the city can require the owner to meet higher air control standards than are set by the regulations of the Texas Air Control Board, whether under the Texas Clean Air Act, under Article 1175 (19), under its general contracting power, or under any other authority?"

When read as a whole, Article 4477-5 evidences the clear intent of the Legislature to set a standard for permissible and non-permissible air pollution on a <u>state-wide</u> basis. This thus becomes the public policy of the state. There is no authority whatever given by the statute for a local government, (as defined in Section 13(A), of Article 4477-5 V.C.S.), to vary from this standard. When the Clean Air Act of Texas, 1967, is read as a whole, local governments are given only power to make recommendations to the Texas Air Control Board concerning such standards, together with the authority to enforce state standards where the state has entered the field. While a city may ordain reasonable standards of air purity where there is no state rule, under Article 4477-5, the city, if it so desires, is required to seek a more rigid rule or standard from the Texas Air Control Board for its particular metropolitan area where the Board has acted and the city or town wants a more stringent rule. Counties may only enforce the Clean Air Act of

- 1243 -

Texas, 1967, or such rules as are adopted by the Texas Air Control Board purusant thereto. Sec. 15(C), Article 4477-5. Cities may not pass any ordinance which conflicts with this state law, nor may they contract with a landowner for a more stringent standard of air purity than that expressly permitted by Article 4477-5, the public policy of the state. 40 Tex. Jur.2d, Municipal Corporations, page 110, Sec. 420. They cannot make contracts which will embarrass or control their legislative powers and duties in this respect. 38 Am. Jur. 181, Mun. Corps. Sec. 505.

The next four questions asked by you are as follows:

1.

"Is the governing body of a city-county health district established under Article 4447a empowered to enact an air pollution control ordinance or regulation and enforce it uniformly throughout the area of its jurisdiction, or is the health district limited to enforcement of the general prohibition against air pollution in the Clean Air Act of Texas and enforcement of the air control regulations established by the Texas Air Control Board?

2.

"Are a county and a city which enter into a cooperative agreement under Section 13(E) of the Texas Clean Air Act empowered to establish in the agreement, or by separate but uniform ordinances and Commissioners' Court orders, or by some other means, air pollution control standards for the areas over which the parties have jurisdiction, and to enforce them uniformly throughout such areas, or would the parties be limited to enforcement of the prohibition against air pollution in the Texas Clean Air Act and enforcement of the air control regulations established by the Texas Air Control Board?

3.

"If the governing body of a city-county health district is empowered to enact an air pollution control ordinance and enforce it uniformly throughout the area within the jurisdiction of the district, or if the parties to a city-county cooperative agreement entered into under Section 13(E) of the Texas Clean Air Act are empowered to provide for the establishment and uniform enforcement of air pollution control standards for the areas over which the parties have jurisdiction, may the ordinance or standards provide for more restrictive air pollution standards, criteria, levels, and emission limits than are established by regulations of the Texas Air Control Board?

4.

"If the governing body of a city-county health district or if the parties to a city-county cooperative agreement entered into under Section 13(E) of the Texas Clean Air Act are not empowered to enact an ordinance or establish standards on air pollution control enforceable uniformly throughout the areas over which they have jurisdiction, may the Texas Air Control Board adopt a special regulation for such areas under the procedures authorized in Sections 6(B) and 13(E) of the Texas Clean Air Act; and if so, are such local governments empowered to enforce the special regulation uniformly throughout the areas over which they have jurisdiction?"

The Texas Clean Air Act enforcement provisions permit actions by "local government" as defined in Section 13(A) of Article 4477-5, and such definition "means an incorporated city or town whether or not it has a home rule charter or a county whether or not it has a home rule charter." The power to ordain is given only to "an incorporated city or town". Section 15(B) Article 4477-5. A district created pursuant to a contract or a mutual agreement of a city and county under

the provisions of Article 4447a has no rule-making powers, nor has it the power to enforce either the State law or Texas Air Control Board rules (Art. 4477-5) or regulations, or to enforce ordinances made by a city or town. Even though it be assumed that Section 4 and Section 6 of the statute permit transfer of functions and discontinuance of the health department of a city or county, this bare authority provides no standards or guides which are necessary to support a grant of legislative authority. Clark v. Briscoe, 200 S.W.2d 674, (Tex.Civ.App. 1947, no writ). Such a health district could not enact ordinances or regulations, nor could it sue in court, since it is not a "local government" as defined by the Clean Air Act of Texas, 1967; consequently question 1 must be answered in the negative.

Turning to question 2, it is our opinion that ordinances enacted by a home rule city must be enforced through its own processes in the absence of more specific authority given to a county or district. Cities or counties may not by agreement enforce uniform rules or ordinances, but each must enforce the statute. A city ordinance must be enforced by the city.

As noted above, we have herein held that the governing body of a city-county health district is not empowered either to enact or to enforce air pollution ordinances. Therefore, in answer to the first part of question 3, a city-county health district could not provide for either more or less restrictive standards than those established by the Texas Air Control Board.

With reference to the second part of your question 3, asking if a city ordinance can be more restrictive than Article 4477-5, or rules adopted pursuant thereto, the Texas Air Control Board under Section 15(A) of Article 4477-5 is the "principal authority" in the state for setting standards regarding control of air pollution. Section 15(C), Article 4477-5 provides, in part, as follows:

> "Any ordinance...shall be consistent with the provisions of the Act and the rules, regulations or orders of the board, and shall not make unlawful any condition or act permitted, approved or otherwise authorized pursuant to this Act, or the rules, regulations or orders of the board."

Thus, when the State of Texas, acting through its Texas Air Control Board, has entered the field, a city ordinance cannot be less restrictive or more restrictive than the state law, rule or regulation as to air pollution.

In answer to question 4, it is our opinion that the Texas Air Control Board can lawfully adopt rules or regulations or standards necessary to abate air pollution in a particular local area, but such would be reviewable by the courts as to reasonableness. Section 4(A), (5) and Section 6(B), Article 4477-5. Concerning enforcement of the Texas Air Control Board rules for such an area, we hold that a "local government" (a city or a county), is authorized to enforce the same as an agent of the state performing a governmental function. Walker v. City of Dallas, 278 S.W. 2d 215, (Tex.Civ.App., 1953, no writ).

In your final inquiry you ask:

"May a special regulation adopted by the Board of the type referred to in question 5 be either more restrictive or less restrictive than a general statewide regulation on the same subject if the special regulation otherwise is adopted in accordance with the procedures and meets the standards and guidelines specified in the Texas Clean Air Act (such as in Sections 4(A) (5) (b) and 6(B) of the Act)?"

The provisions of Sections 4(A), (5), and 6 of Article 4477-5 can be more lenient or more restrictive than a general or statewide rule or regulation, for under these sections many standards must be considered. Section 6(B) states, in part, as follows:

"A rule....adopted by the board may differ in its terms and provisions as between particular conditions, as between particular sources and as between particular areas of the state."

The Texas Air Control Board is required to consider the health and physical property of the people; whether the source of pollution has a social and economic value; the priority of

location in the area; and whether it is technically practicable and reasonable from an economic standpoint to eliminate air emmission from a particular source. These broad considerations indicate that particular areas of the state may be classified in an industrial area for special treatment and in some instances those who choose to reside there must decide whether they will condone more pollution than they would encounter in a virgin area of Texas, where air emissions would be of no economic value to the community, state or nation. This function of the Texas Air Control Board requires a constant study, and re-study. Such a function is a continuing process of achieving economic stability coupled with air which is healthy and which, in most instances, is not offensive to the senses.

Section 1 of the Clean Air Act of Texas, 1967, makes it abundantly clear that "economic development of the state" and "operation of existing industries" are to be weighed with "health, general welfare and physical property of the people" in adoption by the Texas Air Control Board of ambient air criteria, or in controlling or abating air pollution. In practical effect, regulations over the state for air quality could not be the same or as strict in metropolitan areas of industrial production as regulations in an area which has no industry. All regulations and all orders of the Texas Air Control Board are subject to review as to reasonableness by a court and may be declared invalid if the Board has not considered the area and the real economics of its abatement action.

## S U M M A R Y

The City may not contract with a landowner to require the landowner to meet higher air control standards than those set by the Texas Air Control Board or Article 4477-5, V.C.S. The Texas Air Control Board may lawfully adopt special rules, regulations or orders for areas of heavy air pollution but these rules are subject to court review as to reasonableness and abuse of discretion. Only cities, towns and counties acting as "local governments" may enforce the Clean

Air Act of Texas; and cities or towns
may adopt local ordinances only so long
as such conform to state law where the
state has entered the field.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roger Tyler

APPROVED:

OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
James Swearingen
Malcom Smith
John Banks
John Grace

A. J. CARUBBI, JR.
Executive Assistant