(26 Misc. Rep. 38.)

BLISS et al. v. WINTERS et al.

(Supreme Court, Special Term, New York County. January, 1899.)

PLEADING—CROSS DEMANDS BETWEEN DEFENDANTS.

Where, in answer to a complaint alleging that one defendant, a man of 35 years, and legal adviser to a woman of 70, of unsound mind and feeble health, intending to get her property, induced her to marry him, and to convey and will it to him without consideration, and seeking to set aside the will and conveyance, the other defendants admit the allegations, and attack the validity of the marriage, this introduces a new cause of action, as against the other defendant, which will be stricken out on motion, since, under Code Civ. Proc. § 521, defendants cannot litigate, as between themselves, independent cross demands, not connected with the cause set forth in the complaint.

Suit by Emily A. Bliss and others against Byram L. Winters and others. Motion to strike out part of answer. Sustained.

Hobbs & Gifford, for the motion.
Arnow & Cryer, opposed.

GILDERSLEEVE, J. The complaint alleges that the defendant Winters, being a man of 35 years of age and the legal adviser of

one Annie Marie Hunt, a woman of over 70 years of age, of unsound mind and feeble physical health, and "contriving and intending, by taking advantage of her weakness, physical infirmities, and credulity, to get from her all of her property, induced or persuaded her to marry him, and then, as her counselor and legal adviser, by fraud and undue influence, and knowing her to be of unsound mind and without sufficient capacity to make a will," induced her to make a will leaving to him all her fortune, and also persuaded her, by fraud and undue influence, to convey to him real estate of great value, without consideration, and to give him a bill of sale of a large amount of personal property, without consideration; and the complaint demands that the will, the conveyance, and the bill of sale be declared void, and asks for an injunction and an accounting. The answer of the defendants Odell and Baisley admits each and every allegation of the complaint, except that said Annie Marie Hunt was married on September 25, 1894, to the defendant Winters, as to which allegation they deny any knowledge or information sufficient to form a belief. They repeat and allege each and every allegation of the complaint as modified by this denial, and they allege that the defendant Winters, knowing and taking advantage of the feeble mental and physical condition of the said Annie Marie Hunt, and of the fact that he was her legal adviser, by trick, fraud, device, and scheme, induced her to go through a form of marriage with him, notwithstanding the fact that he was only 35 years of age while she was over 70 years of age. The answer demands affirmative judgment that the said marriage between the defendant Winters and Annie Marie Hunt be declared void and of no effect, and also demands judgment for the relief prayed for in the complaint. The defendant Winters, being served with a copy of the answer, under section 521 of the Code, makes this motion that the allegation as to the fraudulent marriage and the prayer for its annulment be stricken out as redundant and irrelevant, and as constituting a new cause of action not connected with any cause of action stated in the complaint, and as not forming a proper issue to be tried between co-defendants in this action.

It is well settled that, under the provisions of section 521 of the Code, defendants in an action are not authorized to litigate, as between themselves, independent cross demands not connected with the cause of action set forth in the complaint. See Trust Co. v. Cuthbert, 87 Hun, 339, 34 N. Y. Supp. 300; Smith v. Hilton, 50 Hun, 236, 2 N. Y. Supp. 820. This validity of the alleged marriage between the defendant Winters and Annie Marie Hunt has no bearing upon the issues tendered by the plaintiffs' complaint in this action. Should the plaintiffs succeed, and obtain the relief demanded, when the time arrives for the distribution of the property the validity of the marriage may be an important question. We may say, however, in passing, that the marriage was personal to the contracting parties, and, while the machinations to which defendant resorted to induce the marriage might have furnished grounds for complaint on the part of the wife, if prima facie legal it is not within the province of the nephews and nieces to assail the contract upon the grounds urged. The circumstances of the marriage may be competent evidence upon the trial

herein, although the validity of the marriage does not affect the issues. We do not think it can be said that the facts set forth in the complaint grew out of, or resulted from, the marriage. It may, however, be claimed and shown that it was one of the steps taken by defendant Winters to acquire the property in the manner described in the complaint. I am of opinion that the allegations of the answer to which objection is made are not authorized by any section of the Code empowering the court to determine the ultimate rights of co-defendants as between themselves. The motion should be granted, with $10 to the defendant Winters.

Motion granted, with $10 to defendant Winters.