HAVANA CITY RAILWAY COMPANY and HUGH ALEXANDER, as Trustee for the Stockholders of the HAVANA CITY RAILWAY COMPANY, Plaintiffs, *v.* JUAN M. CEBALLOS and Others, Respondents, and EUGENE SWEENEY, Appellant.

*An answer served by one defendant on his co-defendants is deemed to be controverted by them — an affirmative judgment on the pleadings will not be granted in his favor because of their failure to reply.*

An answer which alleges that the defendant interposing it has acquired the interest of the plaintiffs in the subject-matter of the action, and asks judgment that he be declared to be the lawful owner thereof, and that the prayer of the complaint be granted for his benefit, which answer is served upon the other defendants in the action, pursuant to section 521 of the Code of Civil Procedure, does not require a reply, but, under section 522 of the Code of Civil Procedure, will be deemed to be controverted by the defendants upon whom it is served.

*Semble,* that where a demurrer interposed to a complaint by one of several defendants has been sustained, another defendant is not entitled to judgment upon the pleadings against his co-defendants, because of their failure to reply to a demand for affirmative relief set up in his answer served upon them.

APPEAL by the defendant, Eugene Sweeney, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of January, 1900, denying said defendant's motion for judgment upon the pleadings.

*Willis B. Dowd,* for the appellant, Eugene Sweeney.

*Joseph Folliard Perdue,* for the respondents, Ceballos and Rohl.

*Charles A. Collin,* for the respondent, American Indies Company.

INGRAHAM, J. :

As we have sustained the demurrer to the complaint in this action interposed by one of the other defendants, decided March 9, 1900 (49 App. Div. 263), it does not appear that this defendant appellant would be entitled to judgment against his co-defendants to enforce a cause of action alleged in a complaint, a demurrer to which has been

sustained.    We do not think, however, that under any circumstances this defendant appellant would be entitled to a judgment against his co-defendants because of their failure to reply to the demand for affirmative relief set up in his answer.    The answer of the defendant Sweeney, who is the appellant here, does not plead the facts alleged as a counterclaim.    His answer, after admitting the allegations of the complaint, substantially alleges that he has acquired the interest of the plaintiffs in the concession, which is the subject of the action, and the judgment that he asks is that he be declared to be the lawful owner and entitled to the possession of said concession mentioned in the complaint, and that the prayers of the complaint be granted for the benefit of this defendant.    These allegations in effect demanded a judgment in favor of the defendant Sweeney against the other defendants and not as against the plaintiffs.    It was not, therefore, strictly speaking, a counterclaim which would be a cause of action in favor of the defendant answering against the plaintiffs.    The answer was served upon the other defendants, under the provisions of section 521 of the Code of Civil Procedure, which provides that "Where the judgment may determine the ultimate rights of two or more defendants, as between themselves, a defendant who requires such a determination may demand it in his answer, and must, at least twenty days before the trial, serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination."    There is no provision in the Code requiring a defendant upon whom such an answer has been served to reply to the allegations therein contained which would entitle the answering defendant to an affirmative judgment against his co-defendants. By section 522 it is provided that "Each material allegation of the complaint not controverted by the answer, and each material allegation of new matter in the answer not controverted by the reply, where a reply is required, must, for the purposes of the action, be taken as true.    But an allegation of new matter in the answer, to which a reply is not required,    *    *    *    is to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires."    As no reply was required to this answer, it must, under the provisions of this section, be deemed controverted by the adverse party, namely, the other defendants upon whom it was served.    Whatever was the practice before the adoption of the

Code of Civil Procedure, these provisions of the Code settled the practice under it, and no answer or reply by a defendant upon whom a co-defendant has served an answer demanding affirmative relief, is now required to put at issue all the facts alleged in the answer upon which is based the right to such affirmative relief against a co-defendant.

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., Barrett, Rumsey and O'Brien, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.