(67 Misc. Rep. 572.)

### STRAUSS v. HANOVER REALTY & CONSTRUCTION CO. et al.

(Supreme Court, Special Term, New York County.   May, 1910.)

PLEADING (§ 146*)—ANSWER TO ANSWER OF CODEFENDANT.

> One defendant cannot answer the answer of his codefendant served upon him, under Code Civ. Proc. § 521, requiring a defendant, where the judgment may determine the ultimate rights of two or more defendants as between themselves, to serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and a bill

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of particulars cannot be granted of a counterclaim attempted to be set up in an answer to an answer; the proper way to set up a counterclaim against such codefendant being to embody it in the defendant's original answer, and serve it upon the codefendant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 294–296; Dec. Dig. § 146.*]

Action by Nathan Strauss against the Hanover Realty & Construction Company and others. On motion for bill of particulars. Motion denied.

See, also, 133 App. Div. 743, 118 N. Y. Supp. 193.

F. S. Anderson, for defendant Hanover Realty & Construction Co.

J. Power Donellan, for defendant Dowling et al.

WHITNEY, J. In a suit for the foreclosure of a mechanic's lien one defendant served an answer on a codefendant, as permitted by section 521 of the Code of Civil Procedure. The latter then served upon the former an answer to the answer, and is, in turn, served with a notice of motion for a bill of particulars. By section 522 of the Code each allegation of the answer first served was deemed controverted by traverse or avoidance, as the case might be. In these respects our procedure differs from that in those code states which provide for a cross-complaint by one defendant against the other. Hence the answer to the answer was a document unknown to the law (see Havana City R. Co. v. Ceballos, 49 App. Div. 421, 63 N. Y. Supp. 422), and a bill of particulars of any allegation in confession and avoidance would be an anomaly. The affirmative allegations of this so-called answer to an answer purports to be pleaded not only as a defense, but also as a counterclaim against the codefendant. The proper way to interpose a claim against a codefendant is to include it in the main answer and serve that answer. Perhaps in such a case a bill of particulars of the allegations of that answer could be ordered on application of the codefendant. As the matter stands, the motion must be denied.

Motion denied.