DAVID FURSHPIN, Plaintiff, *v.* MONTICELLO CO-OPERATIVE FIRE INSURANCE COMPANY, Appellant, Impleaded with DAVID WEINER, Respondent.

Third Department, January 14, 1937.

*Meyer A. Novick,* for the appellant.

*Oscar Fein* [*Lazarus I. Levine* of counsel], for the respondent.

RHODES, J. The appeal presents the question whether there is any provision in law for the service of the reply of the defendant insurance company to the answer of the defendant Weiner, and whether summary judgment may be entered as between said defendants upon said pleadings.

The plaintiff, being the owner of certain premises, obtained from the insurance company a policy of fire insurance covering the buildings on said premises. The defendant Weiner was the holder of a mortgage on said premises on which there is alleged to be due the sum of $3,000 principal, with accrued interest. Sometime after the issuance of the policy the insurance company issued a New York standard mortgagee clause which was attached to the policy and which provided that loss or damage under said policy shall be payable to said Weiner as first mortgagee as his interest may appear.

A fire occurred and this action was thereafter commenced by the plaintiff to recover upon said policy of insurance, the complaint

alleging among other things, that the defendant Weiner was the holder of said bond and mortgage properly payable out of the proceeds of said insurance policy; that said Weiner had refused to join as a plaintiff and had, therefore, been made a party defendant, but that no personal claim was made against him in the action. The defendant insurance company interposed an answer setting up special defenses and denying liability, whereupon the defendant Weiner interposed an answer admitting all the allegations of the complaint and also " For a cause of action against the defendant Monticello Co-operative Fire Insurance Company," alleged and set forth the facts concerning the said mortgage and the New York standard mortgagee clause attached to said policy for the benefit of the mortgagee and demanded judgment against the said insurance company for the amount of his interest as mortgagee. This cross-answer of Weiner was served upon the insurance company, which interposed a reply thereto, setting up special defenses to the claim of Weiner and demanding a dismissal of his affirmative cause of action against the insurance company.

The defendant Weiner then moved to strike out the answer and reply and for summary judgment in his favor against the insurance company, which motion was granted by order appealed from herein. The insurance company thereafter moved for reargument and for permission to serve an amended reply, the motion being predicated upon the alleged discovery of additional facts, which application was denied by order appealed from herein.

Upon the argument of this appeal counsel for the insurance company stated that since the preparation of his brief his attention had been called to certain cases hereinafter cited, which furnish an additional ground for the reversal of the order granting summary judgment. That objection is that there is no provision in law for a reply to the cross-answer herein, and that, as all allegations in the cross-answer are deemed to be denied, the judgment rendered herein on the pleading was improper.

The provision for cross-answers is contained in section 264 of the Civil Practice Act, which is as follows:

" § 264. Controversy between defendants. Where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and at least twenty days before the trial must serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon defendants so to be affected who have not duly appeared therein by attorney. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."

This section is a re-enactment of section 521 of the Code of Civil Procedure, which was construed in the case of *Havana City R. Co.* v. *Ceballos* (49 App. Div. 421).

In that case one Sweeney, a defendant in the action, alleged that he had acquired the interest of the plaintiffs and demanded judgment that the prayer of the complaint be granted for his benefit, thus, in effect, demanding a judgment in his favor against the other defendants. The answer in question was served upon the other defendants under the provisions of said section 521 of the Code of Civil Procedure. No reply thereto seems to have been served by the other defendants and the defendant Sweeney moved for judgment on the pleadings. The court in denying the motion said: " There is no provision in the Code requiring a defendant upon whom such an answer has been served to reply to the allegations therein contained which would entitle the answering defendant to an affirmative judgment against his co-defendants."

The court pointed out that by the provisions of the Code the allegations of the answer were deemed to be denied. The court then proceeded: " As no reply was required to this answer, it must, under the provisions of this section, be deemed controverted by the adverse party, namely, the other defendants upon whom it was served. Whatever was the practice before the adoption of the Code of Civil Procedure, these provisions of the Code settled the practice under it, and no answer or reply by a defendant upon whom a co-defendant has served an answer demanding affirmative relief, is now required to put at issue all the facts alleged in the answer upon which is based the right to such affirmative relief against a co-defendant."

In *Stuart* v. *Blatchley* (77 Hun, 425), referring to said section 521 of the Code, the court said: " The fact that no time was provided for the service of the answer upon the co-defendant, except that it must be served *twenty days before the trial*, would seem to indicate that no further pleading was deemed necessary or appropriate. The issues so joined were to be tried and determined as issues in the action."

It is true that by section 476 of the Civil Practice Act judgment may be granted at any time " if warranted by the pleadings or the admissions of a party or parties." This section in no way changed the rules regulating pleadings or their construction. The section permits judgment to be entered upon admissions, but there is nothing contained in the so-called reply or in the affidavits herein in the nature of an admission justifying the judgment granted below.

The judgment and the order granting the same should be reversed on the law, with costs to the appellant; the order denying appellant's

motion for a reargument and for permission to serve an amended reply should be affirmed, without costs.

McNamee and Crapser, JJ., concur; Hill, P. J., concurs in the result upon the ground that an issue was raised by the pleadings as to the mortgagee's knowledge that the property was vacant. Bliss, J., dissents.

Judgment, and the order granting the same, reversed on the law, with costs to the appellant. Order denying the appellant's motion for a reargument and for permission to serve an amended reply affirmed, without costs.