ANGELO MONGIOVI, Plaintiff, *v.* OLNA REALTY CORPORATION and GLICKENROSE Co., INC., Defendants.

City Court of New York, Trial Term, Bronx County, March 13, 1939.

*Benjamin F. Karpay,* for the plaintiff.

*James J. Mahoney* [*Paul L. Murphy* of counsel], for the defendant Olna Realty Corporation.

*William Butler* [*Irwin B. Crossman* of counsel], for the defendant Glickenrose Co., Inc.

DONNELLY, J. The plaintiff, a laborer engaged in conveying material in a wheelbarrow in front of a building in the course of

construction and owned by the defendant Olna Realty Corporation, was injured by a plank or board which fell from the fourth floor of said building and struck him. At the time of the accident bricklayers in the employ of the defendant Glickenrose Co., Inc., were working on an unguarded scaffold at the floor in question. The plank or board which struck plaintiff fell as the bricklayers were moving the scaffold to another floor.

Plaintiff's complaint is that both defendants were negligent, in that, among other things, the scaffold was not guarded as required by article 10, section 194, of the Building Code of the City of New York (N. Y. Code of Ordinances, chap. 5, art. 10, § 194), which reads: " All scaffolds used in connection with the erection * * * shall be constructed in a manner to secure the safety of the workmen on them and of all persons passing under or near them. All scaffolds used on or about buildings at a height of more than 20 feet above the street or ground level, or a floor, except scaffolding wholly within the interior of a building and covering the entire floor space or any room therein, shall be provided along the outer edges and ends with substantial railings or enclosures of wire mesh or other suitable material extending at least three feet above the working platform."

The jury found against both defendants in the sum of $500. There was ample evidence to sustain the jury's verdict that, at the time of the accident, the scaffold was unguarded; that plaintiff was free of any contributory negligence; that the president of the defendant Olna Realty Corporation was on the job on the day of the accident and before it happened, and on days prior thereto when the work was in progress; and that there was a causal connection between the operations of the bricklayers on the working platform of the scaffold and the accident.

In *Rosenberg* v. *Schwartz* (260 N. Y. 162, 165, 166) it was held: " The failure to provide a scaffold which was protected as required by the provisions of the Building Code constituted evidence of negligence, not only as to the workmen using it, but also as to persons passing under or near it [citing cases]. * * * The jury might reasonably have found that the plaintiff's injury was the direct result of the defendant's negligence. * * * An independent general contractor, who is present and sees and realizes that a subcontractor is doing his work in an unlawful and dangerous manner may be liable for any injury resulting directly to a third person from such unlawful and negligent conduct." (Citing cases.)

While the failure of the defendant Olna Realty Corporation, the owner and general contractor, to see to it that the scaffold was guarded as required by the ordinance may be viewed as a separate

and distinct act of negligence on its part, it is none the less a joint tort feasor with its codefendant. So long as the scaffold remained quiescent and not in use, it was merely a potential source of danger. A different situation arose when the bricklayers were at work on the platform, and, through their negligence, the board or plank they were handling fell through the unguarded space on the scaffold and struck and injured plaintiff. It appearing that the two defendants are joint tort feasors, neither is entitled to serve a cross complaint against the other. (*Ehrlichman* v. *Rose*, N. Y. L. J. March 2, 1939, p. 978.)

The pending motion as recited in the cross-complaint in the answer of the defendant Olna Realty Corporation, is made pursuant to section 264 of the Civil Practice Act. The motion was made immediately after the jury had rendered its verdict against both defendants in the sum of $500. Section 264 is to be distinguished from section 211-a of the Civil Practice Act, which provides for contribution from a joint tort feasor after a judgment against both has been recovered and such judgment has been paid in whole or in part. (*Birchall* v. *Clemons Realty Co.*, 241 App. Div. 286.) At bar, judgment has been entered against both defendants. At the time this opinion was released for publication no attempt had been made to collect the judgment. Until a recovery is had against one defendant, the other defendant is in no position to invoke the remedy given to him by section 211-a of the Civil Practice Act of enforcing contribution from his codefendant of his *pro rata* share of the amount paid on the judgment.

Motion denied without prejudice.