SARAH MILLER and JACOB MILLER, Plaintiffs, *v.* JENNIE GREEN, ARTHUR GREEN and NEW YORK POST, INC., Defendants.

Supreme Court, Special Term, Kings County, February 7, 1941.

*Saul Price,* for the plaintiffs.

*Louis H. Katz,* for the defendants Jennie Green and Arthur Green.

*Andrews, Baird & Shumate,* for the defendant New York Post, Inc.

McGAREY, J. Defendants Green move to dismiss the cross-complaint of the defendant New York Post, Inc., for legal

insufficiency. They are respectively owner and driver of the automobile involved in the accident.

The action is one brought to recover damages for personal injuries alleged to have been sustained by the first-named plaintiff due to the negligent operation of the said automobile. The action had originally been instituted against the defendants Green. Thereafter plaintiffs brought in the corporate defendant and served a supplemental summons and complaint alleging that at the time of the accident the driver was employed by the corporate defendant and that the accident arose in the course of such employment. The corporate defendant served a cross-complaint against the defendants Green. The driver of the car has withdrawn the instant motion so far as it affects him and we need, therefore, consider only the application of Green, the owner of the car.

The question presented by the pleadings is whether an employer against whom an action has been brought for personal injuries arising out of the negligent operation of an automobile by one of its employees during the course of his employment can cross-claim against the owner of the car involved. The cross-complaint herein is interposed pursuant to the provisions of section 264 of the Civil Practice Act. That section contemplates a situation wherein there may be a right of indemnification between codefendants and was designed to avoid a multiplicity of suits. The right to indemnity stands upon the principle that every one is responsible for the consequences of his own negligence, and if another person has been compelled by the judgment of a court having jurisdiction to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him. (*Oceanic Steam Nav. Co. v. Compania Trans. Espanola*, 134 N. Y. 461.) Thus, where an employer has been held liable for the active negligence of a servant he may have a right of indemnification against the servant. This principle, however, has no application to the facts alleged in the present pleadings. The liability of the operator is predicated upon his own act of negligence. The liability of the owner of the car exists because of statutory enactment. (Vehicle and Traffic Law, § 59; *Gochee v. Wagner*, 257 N. Y. 344.) The owner's liability is derivative and similar to that imposed on a master for the negligent acts of his servant under the doctrine of *respondeat superior*. (*Good Health Dairy Products Corp.* v. *Emery*, 275 N. Y. 14.) Under such circumstances, therefore, the owner stands in the position of an indemnitee and not that of an active wrongdoer or indemnitor.

In the present case, however, the corporate defendant contends that it is possible that plaintiffs under the general allegations of the complaint will be permitted to prove that the accident was

caused by some mechanical defect in the automobile which would constitute primary negligence on the part of the owner. The language used in the complaint does not intimate that any such claim will be made, nor does the cross-complaint limit itself to a claim against the owner of the car only in the event that negligence is predicated upon the primary negligence of the owner of the car by reason of some mechanical defect in the automobile. If it is the intention of the corporate defendant to rely on some defective mechanism as causing the accident, then it should plead that ultimate fact. In the absence of such specification the cross-complaint does not state facts sufficient to constitute a cause of action against the defendant owner.

The corporate defendant also invokes the theory of contribution as a basis for the sufficiency of its cross-claim. That contention is likewise without merit. Until collection of the judgment is had against one defendant, the other defendant is in no position to seek relief under section 211-a of the Civil Practice Act, and neither is entitled to serve a cross-complaint under section 264 of the Civil Practice Act. (*Mongiovi* v. *Olna Realty Corp.*, 170 Misc. 403.)

The cross-complaint of the defendant New York Post, Inc., against the defendant Jennie Green, is accordingly dismissed, with leave to said defendant to plead over upon payment of ten dollars costs. Settle order on notice.