The Franklin Fire Insurance Company of Philadelphia, Plaintiff, v. Maurice Simmons, as Property Clerk of the Police Department of the City of New York, et al., Defendants.

Supreme Court, Special Term, New York County, December 21, 1942.

*Edwin R. Wolff* for plaintiff.

*William C. Chanler, Corporation Counsel,* for defendant Maurice Simmons.

*John R. Davies* for defendant Joseph Arnold, appearing specially.

*Fixler & Stewart* for defendants Meyer H. Hertz and Gabriel Cohen.

BERNSTEIN, J. Motion by the plaintiff to strike out the cross-complaint of the defendants Hertz and Cohen against the defendant Arnold is granted.

The action is one in replevin wherein the plaintiff, as assignee of its insured, seeks to recover from the defendant Maurice Simmons, as property clerk of the Police Department of the City of New York, certain jewelry in his possession alleged to have been stolen from the insured and subsequently recovered by the Police Department of the city. This jewelry had passed through the hands of several other persons from the time that it was stolen until the time that it came into the possession of the property clerk, so that, although the plaintiff sought no recovery against them, it named them as defendants in the action and asked for an adjudication declaring that they have no right, title or interest in the property sought to be replevied. Amongst those so named are the defendant Arnold, who was served but failed to appear or answer, and the defendants Hertz and Cohen, copartners, who appeared and interposed an answer in which they cross-complained against the defendant Arnold for damages for fraud arising out of his sale to them of the jewelry in question. It is this cross-complaint that has been attacked by the plaintiff on this motion and by the defendant Arnold, appearing specially, on the companion motion decided herewith.

Sections 264 and 474 of the Civil Practice Act, providing for the adjudication of controversies between defendants, do not authorize litigation which is independent of and unrelated to the demand of the plaintiff. (*Johnson* v. *Harrison Engineering & Contracting Corp.*, 224 App. Div. 671; *Levy* v. *139 East Seventy-Ninth Street, Inc.*, 27 N. Y. S. 2d 247.) The demand of the complaint here refers to personal property in the hands of the defendant Simmons to which none of the other defendants lay any claim. The claim of the defendants Hertz and Cohen against the defendant Arnold is for damages for fraud in the sale of that personal property to them at some prior time. That sale is not pertinent to the allegations of the complaint, and the plaintiff, who has no interest therein, may not have its judgment delayed by reason thereof. (*Nauss* v. *Nauss Brothers Co.*, 195 App. Div. 328.)

(Memorandum on companion motion.)

Motion by the defendant Joseph Arnold, appearing specially, to set aside the service upon him of the answer of the defendants Hertz and Cohen setting up a cross-claim is granted. This disposition is made not only for the reasons assigned in the

memorandum opinion filed in the companion motion of the plaintiff, decided herewith, but also because the said Arnold has neither appeared nor answered the complaint in the action. Defendants can have relief against each other only in a case in which they have appeared and answered in respect to the claim made against them by the plaintiff. (*Kay* v. *Whittaker,* 44 N. Y. 565, 576; *Bennett* v. *Bird,* 237 App. Div. 542; *Parker* v. *Commercial Tel. Co.,* 3 N. Y. St. Rep. 174.) This is not such a case.