AMANDO RIVERO et al., Appellants, *v.* CITY OF NEW YORK, Respondent, et al., Defendant.

Argued March 1, 1943, decided April 15, 1943.

*Isidor Enselman, Benjamin Jaffe* and *Maxwell G. Cutler* for appellants.

*Thomas D. Thacher, Corporation Counsel (Paxton Blair* of counsel), for respondent.

LOUGHRAN, J.   Plaintiffs sued the City of New York to recover damages for personal injuries and for consequent medical and other expenses alleged to have been caused by its negligence. At the close of the entire case, the complaint was dismissed. The Appellate Division affirmed.   We gave the plaintiffs leave to bring this appeal.

By appropriate proceedings taken in 1929, the city closed Twelfth Avenue in the Borough of Manhattan from the north side of Fifty-ninth Street to the south side of Seventy-second Street.   This space was then conveyed to the New York Central Railroad Company, subject to the right of the city to maintain thereon the elevated express highway which was thereafter erected along the west side of the borough.   On such closing, the relinquished area ceased to be a public thoroughfare and became a railroad yard.

On the night of July 30, 1938, the plaintiff Rivero drove his automobile south upon the express highway.   He missed the exit to Seventy-second Street.   The next outlet was at Fifty-seventh Street.   He there descended to Twelfth Avenue and turned north intending to go back to Seventy-second Street. At that time it was raining and the windshield wipers of the car were in motion.   Rivero gives this account of the ensuing accident: "Q. Did you pass 59th Street?   A. Yes, I passed 59th Street.   Q. Tell us what happened after you passed 59th Street. A. Well, when I passed 59th Street, I felt like my car fell in a hole.   *   *   *   Suddenly I press on my brakes and I hit something.   That is all I remember.   *   *   *   Q. How far past

59th Street did you go before anything happened? A. About a half a block. Q. When for the first time after you passed 59th Street did you find any car tracks in the street? A. Oh, I should say about a quarter of a block or so. * * * Q. On Twelfth Avenue south of 59th Street how was the street paved? A. That is cobble stone. Q. Cobble stones? Was there any change in the pavement of the street north of 59th Street? A. No. Q. Or was it the same? A. The same. Q. And did this elevated highway that you said was overhead when you made the left turn on Twelfth Avenue at 57th Street, did this elevated highway continue north of 59th Street? A. Yes. Q. The street was just as wide north of 59th Street? A. Yes, sir. * * * Q. Were there elevated pillars supporting this elevated highway south of 59th Street? A. Yes, sir. Q. And did these elevated pillars continue supporting this elevated highway north of 59th Street? A. Yes, sir. * * * Q. Were you rendered unconscious? A. Yes sir. Q. When you came to, Mr. Rivero, where were you? A. I was in the car. * * * Q. Where was your car? A. Well, my car was stuck in between the tracks, my right wheel was in between the tracks and my left wheel was on the outside of the tracks. Q. Where was the front of your car? A. The front of my car was right against that structure. The Court: Against what? The Witness: Against the bumper in the middle of the tracks. * * * Q. Did you see any lights or any signs as you approached the intersection of 59th Street and Twelfth Avenue? A. No, sir.''

We think it was for a jury to say whether the case for the plaintiffs came within a rule of municipal liability which long ago was expressed by us in this manner: '' Where a road is so constructed or altered as to present at one point two paths, both of which exhibit the appearance of having been used by travelers, and one of them leads to a dangerous precipice, while the other is quite safe, it is the duty of those having charge of the road to indicate, in a manner not to be mistaken by day or by night, that the unsafe path is to be avoided; and, if it cannot be otherwise done, to put up such an obstruction as will turn the traveler from the wrong track.'' (DENIO, C. J., in *Ireland* v. *Oswego H. & S. Plank Road Co.*, 13 N. Y. 526, 532. See 15 Amer. & Eng. Encyc. of Law [2d ed.] p. 443. Cf. *Corcoran* v. *City of New York*, 188 N. Y. 131; *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303; *White* v. *Boston*, 122 Mass. 491.)

In the view of the Corporation Counsel, the foregoing rule does not apply " if, as here, the highway is sold as a going concern rather than with a view toward abandonment." We cannot assent to that argument. This former roadway was sold by the city for use as a railroad yard. The municipal authorities cannot be presumed to have been without knowledge of the obstructive character of appurtenances necessary to such a system of tracks. The asserted wrong was a failure to safeguard travellers against mistaking the railroad property for the open public route of lower Twelfth Avenue. If protection of that kind was called for, its absence was a defect in the real highway itself.

For the same reason the notice of claim was not defective because of the omission therefrom of any identification of the object with which the plaintiffs collided. The notice charged the city with negligence " in maintaining a dangerous condition and nuisance on Twelfth Avenue at or near the intersection of 59th Street, Borough of Manhattan, City of New York, in failing to provide proper signs and safeguards at the intersection of 59th Street and 12th Avenue to indicate the end of the public highway." This information was sufficient to enable the city to investigate the claim of negligence and nothing more was required. . (*Schwartz* v. *City of New York*, 250 N. Y. 332, 335.)

The judgments should be reversed and a new trial granted, with costs to the appellants to abide the event.

LEHMAN, Ch. J., FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.