JOHN FELDER, Plaintiff, *v.* GEORGE H. FLINN CORPORATION et al.,
Defendants.

Supreme Court, Special Term, Kings County, November 24, 1943.

*Ignatius M. Wilkinson, Corporation Counsel,* for City of
New York, defendant.

*Montague S. Mendelsohn* for plaintiff.

*Frank J. Macre* for George H. Flinn Corporation, defendant.

GARVIN, J.   This action is brought to recover damages to
property of which plaintiff is the owner, alleged to have been

caused by the negligence of defendant George H. Flinn Corporation in the construction of a subway adjacent thereto. The subway was constructed by the latter defendant under a contract with the City of New York which contained elaborate provisions having in mind the intent that the George H. Flinn Corporation should be responsible for any damages sustained by adjacent property by reason of said corporation's negligence.

Defendant, the City of New York, moves for judgment on the pleadings as to it. The City contends that the notice served on the Comptroller was defective in that it did not comply with the statutory requirements set forth in section 394a–1.0 of the Administrative Code of the City of New York (L. 1937, ch. 929). Defendant relies upon three alleged defects:

1) That "claimant's relation to the building is not set forth, except as ' owner and/or lessee ', a meaningless designation from which the Comptroller could not determine the interest of the claimant and whether an adjustment with or payment to the claimant would in fact conclude the claim * * *."

This objection is without merit. While the relationship of plaintiff-claimant to the building which was damaged is described as indicated in the notice served on defendant City (a copy of the notice it attached to plaintiff's bill of particulars), and while it could and perhaps might well have been made with greater precision, the court finds no difficulty in reaching the conclusion that the notice served the purpose for which it was intended. In recent years the courts have not been inclined to be too technical with respect to notices served upon municipal corporations unless the defects urged can be shown to have been actually prejudicial. There is no indication that the alleged defect did or could have resulted in prejudice to the City. It is immaterial whether claimant was the owner or lessee of the building; he might have a cause of action in either case. His exact legal status in this respect could have been ascertained at the hearing which was held (by the City), or otherwise. The purpose of serving any notice at all is to apprise the municipality of a claim so as to afford it an opportunity to make an investigation and thereby fully protect its rights. "Nothing more may be required. Circumstances must determine in each case whether the notice served is sufficient." (*Schwartz* v. *City of New York*, 250 N. Y. 332, 335. See, also, *Kamnitzer* v. *City of New York*, 265 App. Div. 636, 639; *Bernreither* v. *City of New York*, 123 App. Div. 291, affd. 196 N. Y. 506; *Rivero* v. *City of New York*, 290 N. Y. 204,

208.) There is nothing in the statute which specifically requires greater particularity.

2) The City next asserts that " there is no statement either factual or by way of asserted theory which sets forth the acts of the alleged injuries. One reads the purported claim in vain for anything that says that any alleged act or omission on the part of anyone, whether the City or anyone else, brought about the injuries mentioned. No dates of any kind are given either for the occurrence of the alleged condition or for the activity of the unnamed cause. No location is given other than the address of the building itself in which the injuries are alleged to have occurred. So that the attention of the City is not drawn to any time* or place to which investigation could be directed * * *."

This contention is not warranted by the facts. There is nothing in the statute which requires a specification of " cause " to be given, but if there were such a requirement, even by inference, it is clear from a reading of the notice herein that such " acts " are shown, viz., undermining of the building due to carelessness in subway construction which constitutes negligence or nuisance. The same applies to the argument based on " acts or omissions." Insofar as " dates " and " location " are concerned, there is sufficient in the notice to indicate that the condition complained of was caused by " undermining " due to subway construction and that the condition caused " continuing damage." (It should be noted that the complaint alleges that the subway construction was in 1941 and 1942 and was still continuing at the time of the commencement of the action [Complaint, paragraph " Eleventh "]). The " location " of the damage is specifically given in the notice.

3) Finally the City complains that " nowhere in the purported notice of claim does any allegation appear that it is the City or any agent or servant thereof which, by any act or omission, brought about the alleged injuries to the building. In fact, the paper is bare of any assertion that anyone is allegedly to blame." This claim cannot be sustained inasmuch as there is no provision in the Administrative Code requiring such allegation.

The court concludes, upon the authority of, and as expressed in, *Rivero* v. *City of New York* (290 N. Y. 204, 208, *supra*), that the notice contained information " sufficient to enable the city to investigate the claim of negligence and nothing more was required."

**Motion denied.**