ETHEL PATTERSON, as Administratrix of the Estate of ALONZO PATTERSON, Deceased, et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, August 17, 1945.

*Ignatius M. Wilkinson, Corporation Counsel (Harlan E. Cecil* of counsel), for City of New York, defendant.

*Joseph H. Brassel* for Pansy Amusement Company, defendant.

No appearance for plaintiff.

BOTEIN, J. The issue here presented is whether a cross complaint, pleaded under the provisions of section 264 of the Civil Practice Act, against the City of New York, must comply with the requirements imposed upon " every action or special proceeding, for any cause whatever, prosecuted or maintained against the city " (Administrative Code of City of New York, § 394a–1.0, subd. a).

The action is brought against the city and the Pansy Amusement Company (hereafter called the " Company ") as codefendants, for the death of plaintiff's intestate, which was caused by the acts of an employee of the city in a moving picture theatre owned by the company. The company cross-complained against the city on the theory that the city's active negligence caused the death, thereby allegedly making the city an indemnitor and liable for the entire judgment. The city has moved to dismiss the cross complaint on the ground that the company did not allege notice or failure by the city to adjust the claim after receiving notice. The company argues that these requirements of the Administrative Code are inapplicable to a cross complaint wherein all the company demands is that the judgment determine the ultimate rights of the two defendants.

A cross complaint may properly be employed where one defendant alleges a right of indemnification against a codefendant (*Miller* v. *Green,* 176 Misc. 303; *Weiner* v. *Mager & Throne, Inc.,* 167 Misc. 338; *West* v. *City of New York,* 155 Misc. 688, affd. 240 App. Div. 880, mod. 265 N. Y. 139). The rationale of section 264 is the avoidance of the multiplicity of suits which would ensue if the right of indemnification against a codefendant could be asserted only by means of a new action (*Miller* v. *Green, supra; Bigelow* v. *DuBuque,* 141 Misc. 29). In this respect section 264 is identical with subdivision 2 of section 193 of the Civil Practice Act, although the pleading requirements of the two sections may differ (*Furshpin* v. *Monticello Co-operative Fire Ins. Co.,* 249 App. Div. 366; *McCreech* v. *Howard R. Ware Corporation,* 53 N. Y. S. 2d 192).

The facts set out in a cross complaint can, and must be suffi-cient to sustain a cause of action (*Miller* v. *Green, supra*). Indeed, the cross complaint in the instant case is couched expressly as a demand for affirmative relief. And the fact that such cross complaint can be in the form of a demand for judgment which requires no answer (*Furshpin* v. *Monticello Co-operative Fire Ins. Co., supra*) makes it no less an assertion of a right of indemnification. The form of the cross complaint under section 264 does not alter the fact that a right or claim is being asserted. Such pleading structure is explained by the circumstance that no new parties are being brought in and that no new issues can be raised by the cross complaint (*Bliss* v. *Winters*, 26 Misc. 38, affd. 40 App. Div. 622; *Franklin Fire Ins. Co. of Philadelphia* v. *Simmons*, 179 Misc. 497).

I conclude, therefore, that section 264 involves the assertion of a right or claim within the meaning of subdivision a of section 394a–1.0 of the New York City Administrative Code.

The requirements that notice be given to the city, and that it be afforded an opportunity to adjust any claims made against it are founded on important considerations of policy. (See Municipal Tort Liability in Operation, 54 Harv. L. Rev. 437, 447; *Northrup* v. *City of Jackson*, 273 Mich. 20.) This policy must be given heed herein despite the tendency of late to restrict the requirement of notice (e.g., *Holmes* v. *City of New York*, 269 App. Div. 95; *Eckert* v. *City of New York*, 268 App. Div. 46; *Felder* v. *Flinn Corp.*, 181 Misc. 119). For the claim herein asserted is one amenable to adjustment by the city, and the city is entitled to its opportunity to effect such an adjustment. Moreover, the company is not, by this decision, precluded from recovery against the city upon due notice. Under such circumstances, the clear import of the language of the Administrative Code should control, and the motion is granted (see *Pulitzer* v. *City of New York*, 48 App. Div. 6).

Settle order.