Gus Goldberg et al., Plaintiffs, *v.* County of Westchester, Defendant.

Marvin Sternbach et al., Plaintiffs, *v.* County of Westchester, Defendant.

Supreme Court, Special Term, Westchester County, March 14, 1951.

*Harry G. Herman, County Attorney* (*Francis J. Morgan* of counsel), for defendant.

*Barney Rosenstein, O. John Rogge, William L. Patterson, Alfred L. Tanz, Bella S. Abzug, Michael B. Atkins* and *Albert H. Socolof* for plaintiffs.

Bailey, J. The County of Westchester as defendant in each of these actions moves to dismiss the complaints on the ground that it appears on the face thereof that each complaint fails to state a cause of action.

The actions are brought pursuant to the authority of section 71 of the General Municipal Law and seek damages for property alleged to have been destroyed by mob or riot. The motions are based upon the failure of plaintiffs in each action to have presented a claim as required by former section 6-a of the County Law in effect when the actions were commenced and section 50-e of the General Municipal Law.

The motions are opposed by plaintiffs with the contention that the actions are brought solely by authority of the statute, are not based upon negligence nor does recovery depend upon a determination that defendant was guilty of any nonfeasance or misfeasance, and it was not necessary that plaintiffs present a claim as a prerequisite to the commencement of an action.

The statute pursuant to which the actions are brought makes the liability of the defendant absolute and requires the plaintiff merely to establish by a preponderance of the evidence that the property was destroyed and the damage incurred by a mob or riot. (*Marshall* v. *City of Buffalo,* 50 App. Div. 149.) Where a remedy is provided by a statute it presupposes a wrong has been committed or at least that there has been an invasion of personal or property rights resulting in loss because of an omission of duty, fault or neglect, whereby the remedy may be invoked.

The validity of a similar statute of the State of Illinois was determined in *City of Chicago* v. *Sturges* (222 U. S. 313) and in discussing the historical background of the statute as based upon the failure of the constituted authorities to provide protection, the court said (p. 323) '' We may find a * * * principle that a civil subdivision intrusted with the duty of protecting property in its midst and with police power to discharge the function, may be made answerable not only for negligence affirmatively shown, but also absolutely as not having afforded a protection adequate to the obligation.'' Likewise in *Marshall* v. *City of Buffalo* (*supra*) which appears to be the leading authority in this State it was impliedly held that the relief afforded by section 71 was based upon the presumptive negligence of the citizens and officials when the court said (p. 155): '' that the compulsory payment of losses occasioned by riots would be a proper and just penalty for the negligence of which they have been presumptively guilty ''.

Section 6-a of the County Law provided that, '' Any claim against the county not specified in section six of this chapter, [claims for defective highways or bridges] for damages for death or for injury to person or property, invasion of personal

or property rights of every name and nature whatsoever, whether casual or continuing, continuing and continuous trespasses, * * * continuing and continuous maintenance of nuisances and any other claim for damages for death or injury to person or property, arising at law or in equity * * * alleged to have been caused or sustained in whole or in part by or because of any misfeasance, negligence, omission of duty, wrongful act, fault or neglect on the part of a county or any of its agents, officers or employees, must be made and served in compliance with section fifty-e of the general municipal law ", and contained a further provision that no action may be maintained until the expiration of three months after the service of such notice.

This section appears to embrace any and all claims which may be made against a county and although the liability is absolute, nevertheless there is nothing to indicate that plaintiffs in asserting a claim for compensation shall be relieved of the statutory requirement.

The purpose of the requirement that notice be presented before an action is commenced against a municipality so as to afford the authorities the opportunity to examine the validity of the claim and permit an investigation thereof to determine whether there is any basis for it is discussed in *Smith* v. *City of New York* (88 App. Div. 606).

The power of the State to impose liability upon a municipality to reimburse a person for damages sustained includes the power to direct the manner in which a claim for such damages shall be made. The plaintiffs having failed to comply with such requirements, the motions are granted.

Submit orders.