George A. Brenner, J.
Third-party defendant County of Westchester, moves to dismiss the third-party complaint of the City of Peekskill for legal insufficiency in not alleging a notice of claim made upon the county, a condition precedent to the maintenance of the action. (County Law, § 52; General Municipal Law, § 50-e.)
The primary action is for negligence in leaving partially open or uncovered a manhole in the street. Plaintiffs’ notice of claim upon the City of Peekskill was served November 22, 1953, and their action was begun on March 31, 1954. The third-party complaint was served on the county November 18, 1955. No notice of claim has been served by the city upon the county.
Section 52 of the County Law provides as follows: “ Presentation of claims for torts; commencement of actions. 1. Any claim or notice of claim against a county for damage, injury or death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law. No action may be commenced against a county for damages on account of such injuries’ until after the expiration of three months from the date of service of such notice. No action may be maintained against a county for damages unless it be commenced within one year after the service of such notice, or within one year after the court shall have excused the failure to file such claim in pursuance of section fifty-e of the general municipal law. The place of trial shall be in the county against which the action is brought. 2. No action shall be maintained against an officer, agent, servant or employee of a county unless the notice of claim for damages was filed in the manner and within the time prescribed in subdivision one and also served personally or by registered mail upon such officer, agent, servant or employee within the same period of time. 3. This section shall not apply to claims for compensation for property taken for a public purpose, nor to claims under the workmen’s compensation law.”
*746 Section 50-e of the General Municipal Law provides in part as follows: “ 1. In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action # * *, the notice shall comply with the provisions of this section, and it shall be given within ninety days after the claim arises.”
The third-party complaint asserts a theory of active and primary negligence on the part of the county, and seeks recovery over from the county as an indemnitor.
The city, in support of its complaint, argues that a claim for indemnification is not such a claim as is contemplated in section 52 of the County Law, since that section refers to claims for damage, such as the basic claim in negligence of the plaintiffs.
I think the complaint is fatally defective, and must be dismissed.
First, the County Law (§ 52, subd. 3) specifically excludes two types of claims from its requirements. Clearly, the Legislature could have excluded other claims, but did not do so. Thus, by plain implication, all sorts of claims, save the two specified, are subject to the procedures set out. “ This section appears to embrace any and all claims which may be made against a county ”. (Goldberg v. County of Westchester, 199 Misc. 859, 861.) In that case, dismissals were had for lack of statutory notice in cases of damage for property loss caused by mob or riot, an absolute liability based not on negligence but upon the duty prescribed by section 71 of the General Municipal Law.
Secondly, a claim for indemnity is a claim for damage, by any reasonable meaning of the word damage. “ To indemnify ” is “To secure or save harmless against loss or damage, of a specified character, which may happen in the future ”, or “ To compensate or reimburse one for a loss previously incurred ”. Indemnity is ‘ that which is given to a person to prevent his suffering damage.” (2 Bouvier’s Law Dictionary [Rawle’s 3d rev.], p. 1532.) The claim here is asserted under, and the third-party complaint authorized by section 193-a of the Civil Practice Act, which allows a defendant to bring in a party “ who is or may be liable to him for all or part of the plaintiffs’ claim ”. (Italics supplied.) The present or future character of an indemnification claim will not serve to make it other than a damage claim, actual or potential.
In any event, the indemnitor in a negligence case involving active and passive tort-feasors, or involving a question as to the identity of the person primarily and wholly liable, is the active or primary tort-feasor. And the third-party complaint charges the county with active negligence, requiring indemnity *747 to the City of Peekskill. Thus, the indemnity claim is “ founded upon tort ” (General Municipal Law, § 50-e) and is a “ claim * * * for damages arising at law or in equity, * * * caused * * * in whole or in part by * * * misfeasance, omission of duty, negligence or wrongful act on the part of the county, its officers ”, etc. (County Law, § 52, subd. 1.) In short, the county cannot be liable for the indemnity unless it is first liable for the negligence. One cannot avoid the notice of claim requirements by giving the claim another name. Calling the problem one of determining “ the ultimate rights of the two defendants ”, in a cross complaint against the City of New York by the other defendant in a negligence case, without a prior notice of claim to the city, did not stay the guillotine’s fall on the cross complaint. (Patterson v. City of New York, 185 Misc. 610.) The third-party defendant may, of course, be liable directly to the plaintiff (Dunn v. Uvalde Asphalt Paving Co., 175 N. Y. 214), which is not, however, the real point on this motion.
While no case involving indemnity under section 52 of the County Law seems to have been adjudicated, I think the foregoing considerations, especially the Patterson case under an Administrative Code quite comparable in language to section 52 of the County Law, are ample to sustain the notice requirements in this case.
Motion to dismiss third-party complaint is granted, without costs, and without leave to amend. Settle order.