■ GINA BROOK et al., Respondents, v. H. CHESTER SWEZEY, Doing Business under the Name of GULF MARINE DOCK, et al., Defendants; H. E. SWEZEY & SON MOTOR TRANSPORTATION, INC., et al., Appellants-Respondents, and GREENPORT WHARF COMPANY, Appellant.— Action by plaintiff Gina Brook to recover damages for personal injuries alleged to have been received when she fell in a hole at the side of a wharf, and by her husband for medical expenses and loss of services, against the Greenport Wharf Company, owner of the wharf, H. Chester Swezey, doing business under the firm name and style of Gulf Marine Dock, H. E. Swezey & Son Motor Transportation, Inc., Gulf Oil Corporation and the Shelter Island and Greenport Ferry Company, lessees of said wharf. Before trial the action was discontinued against H. Chester Swezey. Cross complaints for judgment over were served by Swezey & Son on the Wharf Company and the Ferry Company, by Gulf Oil on Swezey & Son, the Wharf Company and the Ferry Company, and by the Wharf Company

on Swezey & Son, Gulf Oil and the Ferry Company. At the end of the entire case the court dismissed the complaint against the Ferry Company. The jury rendered a verdict in favor of plaintiffs against Swezey & Son, Gulf Oil, and the Wharf Company, and judgment thereon was entered October 29, 1954. The court, to which the parties had submitted the cross complaints for disposition, by order dated December 23, 1954 amended said judgment, and by order dated March 23, 1955 further amended said judgment by adding thereto provisions granting judgment over to Swezey & Son. and Gulf Oil against the Wharf Company, on their respective cross complaints, and dismissing the Wharf Company's cross complaint. Gulf Oil appeals from the judgment entered on the verdict and from said judgment as amended by the orders dated December 23, 1954 and March 23, 1955; the Wharf Company appeals from the judgment entered on the verdict and from said judgment as amended by the orders dated December 23, 1954 and March 23, 1955, and from the order dated March 23, 1955; Swezey & Son appeals from the judgment entered on the verdict and from said judgment as amended by the order dated March 23, 1955. Judgment as amended by the order dated March 23, 1955 reversed on the law, with one bill of costs to respondents Swezey & Son, Gulf Oil and the Wharf Company, payable by respondents Brook, and amended complaint dismissed. The findings of fact implicit in the verdict of the jury are affirmed. The lessees cannot be held liable for maintenance of the affected portion of the wharf merely because they were entitled to access over it to their leased premises (*Cullings* v. *Goetz*, 256 N. Y. 287; *Potter* v. *New York, Ontario & Western Ry. Co.*, 261 N. Y. 489; *De Clara* v. *Barber S. S. Lines*, 309 N. Y. 620). Respondent Gina Brook was at most a bare licensee in walking upon the wharf (*Heskell* v. *Auburn Light, Heat & Power Co.*, 209 N. Y. 86; *Mendelowitz* v. *Neisner*, 258 N. Y. 181, 184). Habitual and notorious use by the public did not change that status (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79, 82; *Carbone* v. *Mackchil Realty Corp.*, 296 N. Y. 154; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 N. Y. 240; *Birch* v. *City of New York*, 190 N. Y. 397). Moreover, said respondent was guilty of contributory negligence as a matter of law in strolling about on the wharf in the nighttime (*Hruska* v. *Stewart & Co.*, 297 N. Y. 829, 830; *Midgett* v. *Mastropoalo*, 277 App. Div. 792). There was total failure of proof to show, as urged for the first time on this appeal, that the wharf was subject to an easement of access, the burden of which proof was on the respondents (*Iselin* v. *Village of Cold Spring*, 120 App. Div. 576). Appeals from the judgment entered on the verdict and from said judgment as amended by the order dated December 23, 1954, and appeal from order dated March 23, 1955, dismissed, without costs. No opinion. Nolan, P. J., Beldock, Murphy and Ughetta, JJ., concur; Kleinfeld, J., concurs in the dismissal of the appeals from the judgment entered on the verdict and from said judgment as amended by the order dated December 23, 1954 and from the order dated March 23, 1955, but dissents insofar as the judgment as amended by the order dated March 23, 1955 is reversed and the amended complaint is dismissed, and votes to affirm, with the following memorandum: The evidence presented a question of fact as to whether appellant Wharf Company had permitted its premises, adjoining a public highway, to be used, for a long period of time, as a public place and as a continuation of the highway. It was, therefore, a jury question whether said appellant had the duty to safeguard the public against mistaking its premises for public property. (*Rivero* v. *City of New York*, 290 N. Y. 204; *Beck* v. *Carter*, 68 N. Y. 283.) Contributory negligence was likewise for the jury. (*Ayres* v. *Delaware, Lackawanna & Western R. R. Co.*, 158 N. Y. 254; *Harris* v. *Perry*, 89 N. Y. 308.)