James J. Cowboy, J.
Motion by the defendant Engineers Limited to vacate the notice of examination before trial of the defendant Jeffrey, against whom the movant has asserted a cross claim pursuant to section 264 of the Civil Practice Act. Cross motion by the defendant Jeffrey to open his alleged default in serving an answer or reply to said cross claim.
The action is by a licensed professional engineer to recover damages for the breach of a contract of employment allegedly entered into between himself and the defendants Engineers Limited and William E. Jeffrey, it being claimed that the defendant American Pipe Line Corp. assumed the obligation of said defendants under said agreement, and promised and agreed to pay the plaintiff for the services to be rendered by him. The amended answer of the moving defendant Engineers Limited in substance denied the making of the contract, and that Jeffrey had authority to make a contract in its behalf as its agent. As a separate and affirmative defense, and by way of cross claim against the defendant Jeffrey, Engineers Limited alleged that said Jeffrey, if he made such a contract on its behalf, did *35 so without its authority, and that at no time was he its officer or agent, and if the plaintiff recovered against it, such will have been brought about by the wrongful acts of the defendant J eff rey.
The movant claims that since the defendant Jeffrey has not answered or replied to the cross claim, he is not entitled to examine the movant before trial, and in any event is not entitled to examine it with respect to item 3 since no issue is presented by the pleadings concerning any agreement by Engineers Limited to reimburse the defendant Jeffrey for expenses.
It has been held that there is no provision in section 264 of the Civil Practice Act for the service of any answer or reply to a cross claim, and that the allegations thereof are deemed controverted by traverse; or avoidance, as the case may be, thus making available to the party affected any and all defenses thereto at the trial of the entire action. (Furshpin v. Monticello Co-op. Fire Ins. Co., 249 App. Div. 366; Smith v. Benjamin, 147 N Y S 2d 524, 527.) Accordingly, there is no merit to the contention of the defendant Engineers Limited that the defendant Jeffrey is not entitled to examine it before trial because he is in default in pleading to the cross claim. For like reason there is no merit to the cross motion for leave to do so, and that motion is denied.
The motion of Engineers Limited to vacate the notice of examination before trial is granted solely with respect to item 3 of the notice, in view of the fact that no issue has been raised in the pleadings concerning any agreement between it and Jeffrey to reimburse him for expenses. The motion is denied as to items 1 and 2 as well as the requirement for the production of agreements, records and papers relevant and material to the item allowed. The movant will be examined by an officer or employee having knowledge of the facts and who is within this jurisdiction. If such officer or employee is outside this jurisdiction, as for example, the president of Engineers, who is in California, he will be examined on interrogatories and cross interrogatories to be settled on notice.
Settle order on two days’ notice.