HON. WILLIAM E. STRAUB Acting County Attorney, Erie County
This is in response to a letter from Assistant County Attorney Roger J. Wittig requesting the opinion of the Attorney General with respect to the following.
Lakes Area Emergency Medical Services, Inc., (LAEMS) is a not-for-profit corporation, located in Buffalo, whose purpose is to develop and improve all levels of emergency medical services in the Western New York region. In 1974, LAEMS was designated by the United States Department of Health, Education and Welfare as the local agency for planning and improving emergency medical services in eight Western New York counties, including the County of Erie. LAEMS is federally funded.
LAEMS put forth proposals to all hospitals in Erie County for designation as the Medical Alert Center in the eight-county area. The proposal included certain criteria which the hospital would have to accept in order to be designated as the Medical Alert Center. Item 16 of the criteria provided as follows:
 "Respondent hospitals must provide written assurance that the hospital during all the periods when the patients are being treated or otherwise managed in a remote setting by advanced emergency medical technician personnel in radio or telephone contact with said hospital shall consider such advanced emergency medical technician personnel as agents of the hospital regardless of any other employee-employer relationships. Further, written assurance is desired to warrant that reasonable liability insurance coverage will be obtained and maintained to protect all parties to such an agency relationship." (Emphasis supplied.)
E.J. Meyer Memorial Hospital, located in the City of Buffalo, is a public general hospital owned and operated by the County of Erie. This hospital responded affirmatively to the LAEMS requirements (including criteria number 16) and was then designated, in February of 1976, as the Western New York Medical Alert Center and the base for advanced pre-hospital care programs in Erie County.
The pre-hospital care will include the establishment of a unit within the hospital which will maintain radio communication with mobile units which arrive on the scene of a medical emergency. The alert center at the hospital will be supervised by the Director of Emergency Medical Services, who will be a full-time staff physician, compensated by the County of Erie as an employee.
The mobile units will be staffed by emergency medical technicians. The units may be of several types: voluntary ambulance services (not-for-profit); municipal ambulance services; hospital ambulance services, and commercial ambulance services. The technicians will be trained as "advanced emergency medical technicians" under a course sponsored by the Meyer Hospital under the direction of a Paramedic Training Director. This course has been approved by the New York State Department of Health. The advanced emergency medical technicians are non-physician personnel who will be trained to provide advanced life support services, including cardiopulmonary resuscitation, cardiac monitoring, defribrillation technique, intravenous techniques, administration of drugs, and management of other emergencies, such as burns, shock, hemorrhage, etc.
The technicians at the scene of the emergency will be supervised by the Medical Alert Center through radio voice contact maintained with mobile unit. As of this date, it is not contemplated that the ambulance agencies will incur a charge for the services provided by the hospital's Medical Alert Center.
In view of the provisions of item 16 of the criteria which LAEMS requires for full implementation of the program, Mr. Wittig raises the following questions:
 "1. Whether or not the County of Erie may, by contract, provide a complete indemnity to an emergency medical technician who is an employee of the County of Erie?
 "2. Whether or not the County of Erie may provide a complete indemnity to an emergency medical technician, and ambulance service agencies who are not employees of the County of Erie but provide such services gratuitously?
 "3. Whether or not the County of Erie may provide a full indemnity to an emergency medical technician (paramedics) and ambulance service agencies providing services for a profit?
 "4. Whether or not the County of Erie may fully indemnify emergency medical technicians (paramedics) or ambulance service agencies specified in items 2 and 3 above, who serve counties within Western New York, other than the County of Erie?"
With respect to your first question, the following considerations are relevant. Indemnity for those emergency medical technicians who are county employees would mean that the county would secure or save them harmless against future loss or damage incurred as the result of their duties as medical technicians (Kessler v. City of Peekskill,1 Misc.2d 744). The Legislature has enacted provisions in the General Municipal Law requiring municipalities, in certain instances, to save harmless their employees from liability for negligence incurred while discharging duties within the scope of their employment (General Municipal Law, §§ 50-a through 50-d and 50-j through 50-m).
Section 50-d requires municipal corporations to save harmless physicians rendering medical services in a public institution to persons who sustain damages for personal injuries found to have been caused by the physician's malpractice while rendering services without receiving compensation from such persons. However, emergency medical technicians are not covered under this section, and the section may not be extended by implication to include them, because the statute must be strictly construed (Bernardine v. City of New York, 268 App. Div. 444, aff'd.294 N.Y. 361 [1944]. See also Sorge v. City of New York, 56 Misc.2d 414,417).
As a general proposition, municipalities possess only those powers specifically delegated to them by the State or necessarily implied therefrom (Seaman v. Fedourich, 16 N.Y.2d 94). We find no authority which would allow a municipality to complely save harmless its employees who are emergency medical technicians, except as is provided in section52 of the General Municipal Law. That section, added by chapter 831 of the Laws of 1976, provides as follows:
"§ 52. Liability insurance for officers and employees
 "Each city, county, fire district, school district, town and village may purchase liability insurance with such limits as it may deem reasonable for the purpose of protecting its officers and employees against liability for claims arising from their acts while exercising or performing or in good faith purporting to exercise or perform their powers and duties."
Therefore, the County of Erie could determine, pursuant to the above statute, to purchase liability insurance to protect those employees who are emergency medical technicians from liability for claims arising from their acts while performing or in good faith purporting to exercise or perform their powers and duties.
Questions two, three and four of your inquiry, however, concern indemnity for ambulance service agencies and emergency medical technicians who arenot employees of the County of Erie, including some who serve counties other than the County of Erie. In these instances, there appears to be no authority for providing a full indemnity to the technicians or the agencies they serve. In a previous opinion of this office (1966 Atty. Gen. [Inf.] 155)., the question was asked whether indemnification could be provided for employees in connection with claims for negligence of a joint recreation commission of a town and a village. We answered, in part, as follows:
 "The Court of Appeals in Chapman v. New York, 168 N.Y. 80 (1901) applied the wording of the New York State Constitution (now Article 8, § 1) that `no county, city, town, village or school district shall give or loan any money or property to or in aid of an individual * * *' to the premise that in the absence of legislative authority a municipal corporation not only has no duty to hold its officers, agents and employees harmless against personal liability incurred in performance of duties, but is without authority to appropriate money for that purpose."
Since in this instance the parties to be indemnified are not employees of the County of Erie, the county is not authorized to extend indemnification to them. As previously mentioned, section 52 of the General Municipal Law only permits the purchase of insurance to protect employees from liability. Nothing in the wording of that statute or the legislative memoranda submitted in support of its passage indicates that the section was intented to apply to persons or agencies who are not municipal employees. Nor are we aware of any other statute which would permit the County of Erie to indemnify ambulance agencies or their personnel.
As you are aware, section 3013(4) of the Public Health Law contains an immunity from liability provision under which a certified emergency medical technician who, voluntarily, and without the expectation of monetary compensation, renders medical assistance in an emergency shall not be liable for resulting damages unless they were occasioned by his gross negligence. However, there appears to be a serious question as to whether all of the activities of the emergency medical technicians to be trained under your program would be entitled to the protection of the statute, because those activities involve advanced emergency techniques. This issue is fully discussed in a letter from the New York State Commissioner of Health to Dr. David Kluge, dated June 25, 1976, a copy of that letter is enclosed herein for your reference.
We conclude, therefore, that the County of Erie may purchase liability insurance for the purpose of protecting emergency medical technicians who are employed by the County against liability for claims arising from their acts while in good faith purporting to perform their duties, but there is no authority for the County of Erie to provide a complete indemnity to ambulance service agencies and their emergency medical technicians who are not employees of the County of Erie.