HARRY G. ECKERT, Appellant, v. CITY OF NEW YORK, Respondent.
IRA E. TERRY, Appellant, v. CITY OF NEW YORK, Respondent.

Third Department, June 3, 1944.

*Harry H. Flemming,* attorney for plaintiffs.

*Ignatius M. Wilkinson, Corporation Counsel (Francis T. Murray* of counsel), for defendant.

BLISS, J. Section K41–44.0█ of the Administrative Code of the City of New York (L. 1937, ch. 929), which deals with water supply, so far as here applicable, states that a person employed in an established business or upon any land of which he is not

the owner, in certain counties including Delaware, which business is injured or destroyed or lands are taken by the City in the acquisition of an additional water supply, and who has been so employed continuously for six months prior thereto, shall have a claim for damages against the City equal to the salary of such employee for the six months preceding the acquisition. Such damages may be determined by agreement with the Board of Water Supply. In case such agreement cannot be made, such employee may maintain an action against the City in the Supreme Court to recover such damages.

The complaint in this action alleges all of the facts required by this section to constitute the cause of action thus created. It has been dismissed, however, because it does not show compliance with section 394a–1.0 of the Administrative Code of the City of New York which provides that in every action or special proceeding, for any cause whatever, presented or maintained against the City, the complaint shall contain an allegation that at least thirty days have elapsed since the demand or claim upon which such action is founded was presented to the Comptroller of the City for adjustment and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentation.

This latter statute was enacted before the Water Supply Act, and many years prior to the particular portion thereof under which this action is brought. It is general in its terms. When it was enacted no cause of action such as the one alleged in this complaint existed. The portion of the Water Supply Act which gives a cause of action for so-called indirect damages was intended to create new causes of action and is complete in itself. It is a special statute and as such takes precedence over the statute then in existence dealing with claims generally. It provides a particular method to be followed by claimants and authorizes the Board of Water Supply in behalf of the City to agree upon settlement. The only prerequisite to the maintenance of the action, insofar as presentation to or negotiation with the City is concerned, is a failure to agree with the Board of Water Supply, and if such settlement cannot be thus made, then the cause of action against the City comes into existence. The complaint shows that these plaintiffs have done everything required by section K41–44.0 to give them this cause of action, and under such statute they now have a right to maintain this action. Consequently, it cannot be said that the complaint, which alleges all of the necessary facts, does not state a cause of action. It is further argued that the City has, in actual practice, followed only section K41–44.0 in

dealing with such claims and has not heretofore insisted upon compliance with section 394a-1.0. While not decisive, this argument is persuasive.

The City also asserts that section K41-44.0 of the Administrative Code of the City of New York does not contemplate claims by railroad employees. We see nothing in the statute to indicate such interpretation. Neither is it necessary that the claimants allege that they have been otherwise damaged to entitle them to recover the six months' salary.

The order appealed from should be reversed on the law, with twenty-five dollars costs and disbursements.

All concur.

Order reversed on the law, with twenty-five dollars costs, and motion denied, with ten dollars costs. [See *post*, p. 836.]