HARRY G. ECKERT, Respondent, *v.* CITY OF NEW YORK, Appellant. (Action No. 1.)

IRA E. TERRY, Appellant, *v.* CITY OF NEW YORK, Respondent. (Action No. 2.)

Third Department, May 8, 1946.

*Ignatius M. Wilkinson, Corporation Counsel* for the City of New York, attorney for appellant in action No. 1, attorney for respondent in action No. 2.

*Harry H. Flemming,* attorney for respondent in action No. 1, attorney for appellant in action No. 2.

LAWRENCE, J. These actions were brought under the provisions of subdivision c of section K41–44.0 of the Administrative Code of the City of New York. The question of the sufficiency of the complaints was previously before this court. It was there determined that a cause of action existed for damages in favor of the plaintiffs in pursuance of the statute referred to. (268 App. Div. 46.) The language of the statute does not contemplate a specific amount as liquidated damages. There was no substantial dispute regarding the facts involved except the question of damages.

In the *Eckert* case (action No. 1) the jury rendered a verdict of $600, and judgment thereon was entered. No appeal was taken by the plaintiff. Judgment in that case should be affirmed, with costs.

In the *Terry* case (action No. 2) the plaintiff secured at once an increase in salary. The jury were allowed to consider such increase in mitigation of damages. That was error. (*Matter of Board of Water Supply,* 211 N. Y. 174, 181.) While the statute does not provide for liquidated damages in any specific amount, they may be considered as liquidated, subject to proof of the amount of salary for the six-month period prior to the time Terry was compelled to quit because of the acquisition of the railroad business by the city. Judgment in the *Terry* case should be reversed and a new trial granted, with costs in this court.

All concur.

Judgment in the *Eckert* case, action No. 1, affirmed, with costs.

Judgment in the *Terry* case, action No. 2, reversed and a new trial granted, with costs in this court.