GEORGE J. SWARTWOUT, Respondent, v CITY OF NEW YORK, Appellant, and ALBERT C. POMEROY et al., Respondents.

Third Department, June 26, 1975

*W. Bernard Richland, Corporation Counsel (Daniel B. O'Donnell* and *William P. Murray* of counsel), for appellant.

*Francis R. Paternoster (Terence P. O'Leary* of counsel), for respondents.

MAIN, J. Beginning in August of 1955, the City of New York condemned several pieces of property in Delaware County for the purpose of increasing its water supply through the construction of the Cannonsville Reservoir. Eleven of these plaintiffs were employed at the Cannonsville creamery, a subsidiary of Queens Farms Dairy, Inc., and they lost their employment when the creamery property was condemned. Another plaintiff lost his employment with a sawmill operator and still another, an ordained Presbyterian minister, lost his pastorate as a result of the condemnation of other parcels for the same project.

These 13 plaintiffs commenced actions against the City of New York pursuant to subdivision c of section K51-44.0 of the Administrative Code of the City of New York which provides in pertinent part as follows: "A person employed in a manufacturing establishment, or in an established business or upon

any lands * * * which manufacturing establishment/or established business or lands is injured or destroyed because of the acquisition by the city of an additional water supply * * * shall have a claim for damages against the city equal to the salary paid such employee for the six months immediately preceding such injury, destruction, taking or acquisition. Such damages may be determined by agreement with the board of water supply. In case such agreement cannot be made such employee may maintain an action against the city in the supreme court to recover such damages, not, however, to exceed the sum of wages paid him for the six months preceding such injury, destruction, taking or acquisition."

Contending that "wages" and "salary" as used in this section are not to be given a restrictive interpretation, plaintiffs claim, in at least one or more of the cases, that they are entitled not only to their monetary remuneration for the six months' period, but also the amount which their employer had contributed for pension and welfare benefits; monetary equivalent for their right to milk or wood; and compensation received for shop steward's commissions. Urging that subdivision c of section K51-44.0 must be given a restrictive meaning, the defendant maintains that these items are not to be considered and further asserts that those among the plaintiffs who received unemployment insurance benefits should have their awards reduced to the extent of the benefits received. The trial court found that the plaintiffs were entitled to have the monetary amounts of the claimed benefits included in their respective awards for damages and, upon the authority of *Eckert v City of New York* (270 App Div 642), precluded consideration of the unemployment insurance benefits in mitigation of damages. The defendant appeals from both of these findings.

We agree with the trial court that the defendant should not be permitted to receive credit for the unemployment insurance benefits paid to some of the plaintiffs. While not directly in point, the case of *Eckert (supra)* holds that the damages as provided for in subdivision c of section K41-44.0 [now K51-44.0, subd c], may be considered as comparable to liquidated damages subject to proof of the amount of salary for the six months' period. Stated differently, it holds that damages are limited to salary and wages and that the increased salary paid to a victim of the city's condemnation procedures who finds other employment may not be shown to mitigate his or her

damages. Unemployment insurance benefits are somewhat analogous to increased salary in this context, and neither falls into the category of salary paid in the six months immediately preceding the taking or acquisition, and both should be excluded from consideration for any purpose in determining damages under this section.

We are left only the question of whether or not employer contributions to the pension fund and/or union health and welfare funds, milk and wood allowances and shop steward's commissions should be included as "salary" or "wages". This determination is not easily made because there is a dearth of case law in point and the Legislature and the courts have used both restrictive and broad approaches in their application and interpretation of these terms. Perusal of our Labor Law, Workmen's Compensation Law, Debtor and Creditor Law, Tax Law, and cases interpreting their respective provisions, reveals a plethora of varying interpretations (see, e.g., Black's Law Dictionary definitions of the terms "wages" and "salary"; cf. *People v Vetri,* 309 NY 401). This is not to say that they are inconsistent or incorrect, but rather it emphasizes the fact that the purpose, object and spirit of the statute must serve as the primary guide to its interpretation (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 96).

We think the clear purpose of subdivision c of section K51-44.0 of the Administrative Code of the City of New York was to provide victims of unemployment caused through condemnation procedures by the city with a fund to enable them to bridge the gap so that the victims and their families might retain their accustomed standards of living until such time as the wage earners were again employed. The goal was to provide fixed and certain remuneration or compensation for a definite period and the purpose was, if not identical, strikingly similar to the purpose of our Unemployment Insurance Law (Labor Law, art 18), so that an analysis of its provisions is indicated. It is most significant that section 517 of the Labor Law, in defining remuneration, sets forth what is to be included and excluded and paragraph (a) of subdivision 2 excludes from remuneration employer payments to funds such as those sought to be included here as "salary" or "wages". While not specifically excluded, shop steward's commissions may not be included because there is no evidence that they were paid by the employer as required by subdivision 1. The allowances of milk and wood are provided for in subdivision 1

which includes the "money value of board, rent, housing, lodging or *similar advantage* received" (emphasis added).

While this statute, of course, is in no way binding upon this court, it is demonstrative of the intendment of a legislative body which, when faced with a similar if not identical problem, sought to achieve the same result and, as such, the statute merits our serious consideration as we seek to fulfill our paramount obligation to search for, ascertain and give effect to the intention of the enacting legislative body.

Accordingly, we find that pension fund and union health and welfare fund contributions and shop steward's commissions are not to be included as "salary" and "wages" and that the milk and wood allowances are to be included.

The amended judgment should be modified, on the law and the facts, by striking therefrom those amounts representing employer contributions to union and/or union health and welfare funds and the amount representing shop steward's commissions, and, as so modified, affirmed, without costs.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Amended judgment modified, on the law and the facts, by striking therefrom those amounts representing employer contributions to union and/or union health and welfare funds and the amount representing shop steward's commissions, and, as so modified, affirmed, without costs.