Salvatore T. De Matteo, J.
This is a motion by All Boro Car Leasing Inc. (“ All Boro ”) to compel the New York City Transit Authority (N. Y. C. T. A.) to contribute the prorata share of a judgment rendered against them in the sum of $8,661, plus interest and costs and disbursements.
This judgment was the result of a negligence action commenced by one ‘ ‘ J ones ’ ’ who incurred personal injuries while a passenger in a N. Y. C. T. A. bus which collided with an automobile owned by “ All Boro.” Mr. Jones commenced his action against both, by the appropriate service of process, which resulted in a verdict in his favor against the Transit Authority and ‘ ‘ All Boro. ’ ’ A judgment was duly entered thereupon on February 11, 1970, which was subsequently affirmed by the Appellate Term of the Supreme Court. It appears that the Cosmopolitan Mutual Insurance Company, the insurance carrier of “ All Boro,” was willing to pay its prorata share of such judgment, but the New York City Transit Authority refused to do the same. Mr. Jones, therefore, was constrained to retain Mr. Richard Schwartz, a Marshal of the City, of New York, to effectuate collection of the moneys due and owing to him. The Marshal, armed with an execution issued by the counsel for the judgment creditor, levied upon the property of “ All Boro ” effectively tying up its assets.
At this juncture, on May 20, 1971, the Cosmopolitan Mutual Insurance Company, on behalf of “All Boro,” issued a check payable to Mr. Jones in full satisfaction of his judgment.
Pursuant to CPLR 1401 “ All Boro ” has made this motion.
CPLR 1401 is in derogation of the common-law rule which recognized no right of contribution amongst joint tort-feasors. (Prosser, Torts [2d ed., 1955], pp. 246-249.) Aside from this right of contribution, a joint tort-feasor who has satisfied the plaintiff’s claim has no way of securing reimbursement from his codefendant. This section applies only when the original action was one in which money damages were recovered for *569 personal injury or property damage. Before any right to contribution arises under the section, a money judgment must have been recovered by the plaintiff jointly against the defendant seeking contribution and another defendant against whom contribution is sought.
A defendant has no right of contribution against a joint tortfeasor unless the joint tort-feasor was a codefendant in the action and the judgment was entered against him also. (Price v. Ryan, 255 N. Y. 16 [1930].)
If the joint tort-feasor is merely named as a defendant, this is insufficient to create a right of contribution. He must have been duly served with process.
In order for a defendant to be entitled to contribution from a joint tort-feasor he must have first paid in satisfaction of the money judgment rendered against the joint tort-feasors more than his prorata share of the judgment. (Mongiovi v. Olna Realty Corp., 170 Misc. 403 [1939].) Such a prorata share of a money judgment is the amount thereof divided by the number of defendants against whom it was recovered. When the defendant against whom contribution is sought has appeared in the original action, the cases have recognized that a motion compelling such action is proper provided the supporting papers clearly establish that the conditions of CPLB. 1401 have been met. To wit: the movant must establish that he has satisfied the judgment or paid more than his prorata share.
Based upon the papers before us, this court finds that the movant has complied with the requirements of CPLB 1401, in that it has paid the judgment in full and, therefore, is entitled to seek contribution from the Transit Authority.
The Transit Authority in principle is willing to contribute its prorata share; however, it refuses to pay one half of the $484.15 added to the judgment as Marshal’s poundage costs. Poundage may be defined according to Black’s Law Dictionary (rev. 4th ed.) as “ An allowance to the sheriff of so much in the pound upon the amount levied under an execution.” CPLB 8012 (subd. [b], par. 1) provides that the Sheriff is entitled to poundage fees for collecting money by virtue of an execution. The poundage fees amount to 5% of the first $250,000 collected and 3% upon the residue of the amount collected.
There is no dispute concerning the amount charged by the Marshal in poundage. Section 1907 of the New York City Civil Court Act permits such costs to be added to the original jury verdict, plus other costs and disbursements.
We may safely define a money judgment as the amount returned by the trier of facts, interest thereon, and costs and *570 disbursements incurred by the victorious party in sustaining the action.
It is the contention of the Transit Authority that the existence of liens held by the Department of Social Services in the sum of $709.33, and the Bungs County Hospital in the sum of $40.70, did not permit it to make prompt payment of its share of the judgment. The respondent further contends that it was the failure of the plaintiff, Mr. Jones, to satisfy these liens that caused such delay in payment, and hence the ‘ ‘ Authority ’ ’ cannot be deemed responsible for the Marshal’s collection fee.
This court finds that the “ Authority’s ” position has superficial merit. It is clear that such fees due to various municipal agencies constitute a lien upon the recovery and had to be paid to the lienors. However, an equitable procedure could have been found to solve this impasse. For example, the New York City Transit Authority might have issued checks to the governmental agencies, satisfying their outstanding liens, and remitted the balance of such judgment to Mr. Jones. It is apparent from the nature of the liens that Mr. Jones was financially unable to satisfy them unless the moneys due from the Transit Authority were made available.
Hence, we have an Orwellian situation where a poverty stricken individual is unable to collect a judgment due to him unless he has money in the first instance. The posture adopted by the Transit Authority is an unreasonable one. This court must condemn such practices.
Here, there is no denial that “ All Boro ” was, at all times, ready to pay its prorata share of the judgment. Its behavior was fair in this regard. However, by not paying the entire amount it left itself exposed to poundage and other statutory fees. The Transit Authority’s refusal to make the same gesture, in reality, necessitated the need of the Marshal’s services. It is, therefore, unthinkable that the Transit Authority should be rewarded for its intransigence. Subsequently, we shall see that the law favors public agencies under section 1212 (subd. 6) of the Public Authorities Law, as against private joint tortfeasors. Justice .dictates that the Transit Authority share in this expense, which it was instrumental in causing.
At this point, we have to allude to the inherent conflict between CPLB, 1401 and section 1212 (subd. 6) of the Public Authorities Law. The latter provision in subdivision 6 states, ‘ ‘ The rate of interest to be paid by the [Transit] authority * * * upon any judgment * * * shall not exceed three per centum per annum.”
*571 In the case at bar, “ All Boro ” was required to pay 7%% on the judgment sub judice, from the time of entry February 11, 1970, to its satisfaction on May 20, 1971. However, the Public Authorities Law prevents “ All Boro ” from collecting its prorata share of the interest it actually paid. This situation conflicts with the philosophy residing in CPLB, 1401 which calls for an equitable division of expenses entailed by a judgment against joint tort-feasors. We, therefore, submit that section 1212 (subd. 6) discriminates against private parties. However, this point is moot since “ All Boro ” is only seeking to recover the 3% permitted in the above-mentioned law.
This court, therefore, finds the Transit Authority’s prorata share of the common judgment to be the sum of $4,757.24.
For the sake of clarity, we shall separately list the items that
comprise the above figure.
1. One half of the amount of judgment...... $4,330.50
2. One half share interest at 3% from Feb. 11,1970 to May 20,1971............ 172.17
3. One half of the Marshal’s fee and poundage ................................... 242.07
4. One half of the Appellate Term costs..... 12.50
These figures total......................... $4,757.24
This opinion constitutes the decision and the facts found by this court in this matter.
Let judgment be entered accordingly.