OPINION OF THE COURT
John S. Lockman, J.
Petitioner seeks an order pursuant to CPLR 7806 directing respondent Sheriff of Nassau County to afford petitioner priority with respect to an income execution as to which he is the judgment creditor over three income executions as to which respondent Nassau County Federal Credit Union is the judgment creditor.
It is undisputed that petitioner had priority pursuant to CPLR 5231 (subd [h]) by virtue of having first delivered the income execution to respondent Sheriff. For some period of time the judgment debtor apparently made installment payments at least on petitioner’s income execution. On May 18, 1983, the judgment debtor defaulted with respect to the installment payments on all four judgments. The Sheriff thereupon notified the judgment creditors of the default by affixing such notification to the original income executions and instructed the judgment creditors to return the income executions with a fee of $10 per judgment after which the Sheriff would levy upon the debtor’s employer, Nassau County. The printed form instructed the judgment creditor to return the execution and fee within 20 days. Respondent Sheriff alleges that petitioner did not return the execution and fee within 20 days. While petitioner alleges that he paid the fee, he does not claim to *921 have paid it within 20 days. From the exhibits to respondent Sheriff’s answer, it appears that the Sheriff levied upon the employer on June 6, 1983, which is the date of petitioner’s check, for the $10 fee. Upon receipt of his fee the Sheriff informed petitioner that he had lost his priority to the judgments of the Nassau County Federal Credit Union.
Petitioner contends that respondent acted improperly in requiring the additional fee and in forfeiting petitioner’s priority for nonpayment of the fee. Upon the original return date of this proceeding Justice Berman adjourned the matter to afford petitioner an opportunity to join the Credit Union. Petitioner appears to have served the Credit Union but the Credit Union has not appeared.
Essentially petitioner relies upon CPLR 5231 (subd [d]) which provides in pertinent part: “If a judgment debtor fails to pay installments pursuant to an income execution * * * the sheriff shall levy upon the money that the judgment debtor is receiving or will receive by serving a copy of the income execution, indorsed to indicate the extent to which paid installments have satisfied the judgment, upon the person from whom the judgment debtor is receiving or will receive money”. He contends that this statute imposes upon the Sheriff the duty of levying upon the employer and authorizes no additional fee. However, CPLR 8011 (subd [b]) authorizes the Sheriff to collect in advance a fee for levying upon property and this authority for requiring advance payment is further reinforced by CPLR 8013 (subd [d]). (8 Weinstein-Korn-Miller, NY Civ Prac, par 8013.08.) Clearly, the terms of CPLR 5231 (subd [d]) require the Sheriff to levy upon the employer and under CPLR 8011 (subd [b]) and 8013 (subd [d]) he was entitled to a fee collectible in advance. Had the Legislature wished to exclude the collection of such fee in circumstances such as this case presents it could have done so much as it did when it exempted levies pursuant to small claims judgments from the prepayment requirement (CPLR 8011, subd [b]).
Petitioner’s application is denied and the petition dismissed.