Dominic J. Terranova, Esq. General Counsel, Niagara Frontier Transportation Authority
Your office has requested our opinion as to whether the Niagara Frontier Transportation Authority (NFTA) is exempt from the fees charged by sheriffs under article 80 of the CPLR for the execution of judgments.
In 1984 the State Legislature added section 1299-eee to the Public Authorities Law. Section 1299-eee created within the NFTA a Transit Adjudication Bureau and conferred upon it the duty of enforcing NFTA rules and regulations governing the conduct and safety of the public in the use and operation of transit facilities by the imposition of civil penalties for the violation of such rules and regulations. Prior to the enactment of section 1299-eee, violation of such rules and regulations constituted penal offenses punishable only by fine or imprisonment imposed by a local criminal court. By creation of the Transit Adjudication Bureau, the Legislature sought to provide a simpler, less expensive means for dealing with minor acts of misconduct in the use of public transportation facilities while avoiding overcrowding of local criminal courts and freeing otherwise law abiding citizens from the taint of criminal prosecution. These judgments are entered in the judgment dockets of the Erie County Clerk and "may be enforced without court proceedings in the same manner as the enforcement of money judgments entered in civil actions". The final order of the Transit Adjudication Bureau is a "bar to any criminal proceeding for conduct upon which the order was based".
Your letter notes that the authority is considering turning these judgments over to the Erie County Sheriff for execution. Your question is whether the authority would be exempt from the fees normally charged by sheriffs for such collections.
The legislation creating the NFTA contains a provision exempting the authority from taxation and payment of various fees:
 "The authority shall be required to pay no fees, taxes or assessments, whether state or local, including but not limited to fees, taxes or assessments on real estate, franchise taxes, sales taxes or other excise taxes, upon any of its property, or upon the use thereof, or upon its activities in the operation and maintenance of its facilities or on any fares, tolls, rentals, rates, charges or other fees, revenues or other income received by the authority and the bonds of the authority and the income therefrom shall at all times be exempt from taxation, except for gift and estate taxes and taxes on transfers" (Public Authorities Law, § 1299-o).
Although the language of this section is broad, and the scope of the exception not limited to the examples listed, for the reasons that follow, we do not believe it authorizes exemption from sheriff's fees under article 80 of the CPLR.
Initially, we note that sheriff's fees are inherently different from other fees charged by public officers for services rendered. Execution fees and poundage fees are collected from the monies actually recovered (CPLR §§ 8011, 8012; Pegalis v Varelas, 123 Misc.2d 920 [Sup Ct, Nassau Co, 1984]; Myers v Grove, 242 App. Div. 637 [2d Dept, 1934]). This method of collection differs from that for real property taxes, special assessments, ad valorem taxes and fees charged by clerks and court officers, all of which are due and owing independent of any other fund.*
NFTA, together with all public authorities and the State, is exempt from payment of this latter type of tax or fee under CPLR §8017 (1975 Op Atty Gen 44). Section 8017 provides an exemption from the fees charged by clerks "for any service rendered in an action . . . nor shall any clerk charge or collect a fee for filing, recording or indexing any paper, document, map or proceeding filed, recorded or indexed for the county, or an agency or officer thereof acting in an official capacity, nor for furnishing a transcript, certification or copy of any paper, document, map or proceeding to be used for official purposes" (CPLR § 8017). This language, however, does not encompass fees charged by sheriffs; nor does any exception for sheriff's fees appear elsewhere in the CPLR. Indeed, in the past we have found that public bodies, such as the Family Court and State Tax Commission, which qualify for the exemption under section 8017 are not exempt from sheriff's fees (1967 Op Atty Gen [Inf] 83; 1943 Op Atty Gen 385).
The status of sheriff's fees, and the unavailibility of an exemption from them is further illustrated by the treatment accorded other, similarly situated public authorities. The enabling act for the New York City Transit Authority contains an exemption from fees similiar to that of the Niagara Frontier Transportation Authority (see Public Authorities Law, §§ 1207-g, 1216). It has been held that the New York City Transit Authority is, nevertheless, liable for sheriff's fees under sections 8011 and 8012 (Jones v All Boro Car Leasing, Inc., 67 Misc.2d 567 [NYC Civil Ct, 1971]).
We conclude that the Niagara Frontier Transportation Authority is not exempt from the fees charged by sheriffs under article 80 of the CPLR for execution of judgments.
* The different status of sheriff's fees is illustrated by CPLR § 8014 which provides for their collection along with the property being executed against.
 "The fees of a sheriff, upon an execution against property, which are not required by statute to be paid by a particular person and which are not included in the bill of costs of the party in whose favor of the execution is issued, shall be collected by virtue of the execution in the same manner as the sum therein directed to be collected" (CPLR § 8014).